545 P.2d 440

**The STATE of Arizona, Appellee,**

v.

**Bobby Lee DANIEL, Appellant.**

**No. 2 CA–CR 445.**

Court of Appeals of Arizona, Division 2.

Feb. 6, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix, by Charles E. Buri, Asst. Atty. Gen., Tucson, for appellee.

Hooker, McDonald & Morgan by John W. McDonald, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant is presently serving concurrent sentences of nine to ten years and fifteen to seventeen years for convictions of kidnapping and attempt to commit rape, respectively. (Pursuant to a plea agreement, he pled guilty to kidnapping and no contest to the attempt charge.) His motion to vacate the judgment, or, in the alternative, to modify his sentence was denied. He claims this denial was erroneous and presents three questions for review.

Appellant's initial contention is that the trial court erred in denying his motion because he had received ineffective assistance of counsel. He concedes that unless the proceedings were reduced to a "farce or a sham", a claim of ineffective assistance of counsel will not succeed. The burden rested with appellant to establish his claim of inadequate representation as a demonstrable reality. *State v. Cufio*, 12 Ariz.App. 461, 471 P.2d 763 (1970).

Appellant's motion was denominated a Rule 24.2 motion and appended to it was an affidavit executed by appellant which recited facts in support of his claim of ineffective assistance of counsel. On March 17, 1975, a hearing was held on the motion at which the attorney whose adequacy was assailed testified. At the outset of the hearing, the court expressed its concern at appellant's absence, stating:

". . . [T]his is a very serious matter and in order for it to be meaningful to the Court the defendant should be present to testify and to be cross-examined."

Counsel for appellant responded, agreeing that appellant's presence was essential. He indicated to the court that he had been prepared and able to bring appellant into court via a writ of habeas corpus, but did not do so at appellant's request. He urged the court to consider the facts alleged in the affidavit in lieu of having appellant present because, if appellant were brought to Pima County from the State Prison, he would lose his good job and his cellmate. In other words, upon his return to the State Prison he would be reprocessed and have to "start all over."

Appellant's counsel orally moved the court to set a hearing at the State Prison and to perpetuate the testimony of the attorney whose competence was challenged. The court granted the latter motion. As to the hearing at the State Prison, the court took the matter under advisement and directed appellant's counsel to advise him concerning loss of prison privileges. The court also indicated it would call the prison to see if there would be any problem in conducting a hearing at the prison.

The attorney was extensively examined and cross-examined and the court ordered that the hearing on appellant's motion be continued subject to call.

A minute entry dated April 14, 1975 recites that the court denied appellant's motion to conduct a further hearing at the State Prison and:

"The original Motion to Vacate Judgment, or in the Alternative to Modify Sentence is ORDERED continued subject to call. If counsel for the deft. secures the presence of the deft. the Court will proceed to hear that testimony. If not, the Court will rule on this matter when advised by counsel that it is submitted."

On May 27, 1975, appellant's counsel filed a "MOTION TO SET FOR ARGUMENT", indicating that the motion was

made pursuant to the previous ruling of the court. On June 2, oral argument was had on the motion to vacate or to modify and on June 12, the motion was denied. The June 12 minute entry indicates that the court had obtained a copy of appellant's pre-sentence report from the Adult Probation officer and had examined the report in connection with its ruling.

Appellant contends that the cumulative effect of the action and inaction of his attorney amounted to ineffective assistance of counsel. He claims that counsel inadequately prepared for the preliminary hearing, improperly waived his right to a speedy trial and ineffectively handled his trial preparation, change of plea, and sentencing. We have reviewed the entire record, including the testimony of the attorney and find no error in the denial of appellant's motion to vacate. The record falls far short of the "farce and sham" standard and, as we stated in *Cufio*, supra:

". . . [W]e cannot, with our 20-20 hindsight advantage, equate counsel's lack of success with lack of effective representation. [Citations omitted]" 12 Ariz.App. at 464, 471 P.2d at 766.

Appellant claims the lower court's refusal to hold a hearing at the prison to allow him to testify violated the due process clause of the 14th Amendment. He cites no authority for his position, but argues that forfeiture of his status in the prison was too great a price to pay in order to pursue his remedies.

Rule 32.8, Rules of Criminal Procedure, 17 A.R.S., provides:

"a. Plenary Hearing. The petitioner shall be entitled to a hearing to determine issues of material fact, with the right to be present and to subpoena witnesses in his behalf. When facilities are available, the court may, in its discretion, order the hearing to be held at the place of confinement, giving at least 5 days notice to the officer in charge of the confinement facility. A verbatim record of the hearing shall be made."

Assuming *arguendo* that appellant's motion was pursuant to Rule 32, rather than Rule 24 as denominated by his counsel, he was entitled to a hearing and to be present. He was not, however, entitled to demand a hearing at the State Prison. Under Rule 32.8(a), supra, the court has discretion to hold the hearing at the place of confinement when facilities are available. As pointed out in the Comment to Rule 32.8, the court may order that the hearing be held at the place of confinement when for reasons of safety and convenience the court determines that the petitioner or perhaps some of his supporting witnesses should not be transported back to the place of trial. We find no abuse of the court's discretion in declining to honor appellant's request—the Rule is designed to serve the convenience of the court rather than the convenience of the party seeking relief. Appellant was afforded ample opportunity to be heard in Pima County and declined to avail himself of the opportunity. The burden of establishing his entitlement to relief was his and having declined to appear in Pima County to testify, he cannot now complain.

Appellant's final contention is directed to the severity of his sentences, which are within the statutory limits. Our review of the record discloses no basis for appellate intervention. His "track record", the circumstances of the kidnapping and attempted rape offenses, and appellant's alcoholism would justify a sentencing court in concluding that the objectives of sentencing would best be served by a severe penalty.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.