552 P.2d 1194

**STATE of Arizona, Appellee,**

v.

**Pete ESCHERIVEL, Appellant.**

**No. 3463.**

Supreme Court of Arizona,
In Banc.
July 16, 1976.

---

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Robert J. Novak, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

The appellant, Pete Escherivel, together with a codefendant, was tried and convicted of armed robbery. He was sentenced to not less than five nor more than six years in the Arizona State Prison, and appeals.

Two issues are raised: First, appellant urges that the prosecution violated Rule 15.1(a)(2), Rules of Criminal Procedure, 17 A.R.S., requiring that there be made available to the defendant for examination "[a]ll statements of the defendant and of any person who will be tried with him." This contention arises out of the fact that at the trial an arresting officer testified that both defendants had made statements to the effect that the gun used in the robbery had been thrown away. Appellant objected to any testimony concerning these statements and moved for a mistrial on the ground that the statements had not been disclosed by the prosecutor prior to the trial.

Rule 15.4(a) defines the word "statement" used in Rule 15 as:

"(i) A writing signed or otherwise adopted or approved by a person;

(ii) A mechanical, electrical or other recording of a person's oral communications or a transcript thereof; and

(iii) A writing containing a verbatim record or a summary of a person's oral communication."

The statements which require disclosure under Rule 15.1 are those recorded or set down in writing.

In this case, the communication of the appellant and his codefendant to the police officer was not written or recorded in the police officer's report or elsewhere, possibly because the gun had not been thrown away but was later found concealed in the police car. We find no abuse by the trial court in denying appellant's motion for a mistrial in view of the fact that the appellant's oral communications do not fit within the definition of Rule 15.-4(a).

Appellant further urges that the trial court committed reversible error in denying his motion to sever. A motion to sever must be made prior to trial except:

"If a ground not previously known arises during trial, the defendant must move for severance at or before the close of the evidence." Rules of Criminal Procedure, Rule 13.4(c).

Appellant's motion was not made prior to trial, but he asserts that it was timely as being "a ground not previously known." The reason was that he did not learn his codefendant was going to testify at the trial until after the trial had commenced and shortly before she actually took the witness stand.

In the appellant's brief on appeal, counsel stated that trial counsel for appellant's

codefendant "although having informed appellant's counsel on several occasions that he did not intend to put defendant Cortez on the stand, did put Cortez on the stand to testify, * * *." The appellant has not cited us to the portion of the record in the case which would support this statement and we have been unable to discover in the record facts which support it. The record does show that during the course of the testimony of appellant's codefendant the following occurred:

"[COUNSEL FOR APPELLANT]: Objection, Your Honor, May we reapproach the bench?

(Court and counsel conferred at the bench out of the hearing of the jury.)

[COUNSEL FOR APPELLANT]: I will make a motion at this time to exclude any testimony on behalf of this witness concerning any activities conducted on behalf of my client for the fact that that will in and of itself creat [sic] problems. We have codefendants here. I will object to [counsel for codefendant] eliciting statements from his client as to the activities by my client.

THE COURT: Mr. [Counsel for Co-defendant].

[COUNSEL FOR CODEFEND-ANT]: Well, Your Honor, I'm more or less at a loss for words.

[COUNSEL FOR APPELLANT]: At this point, I will have to put on a defense. He has at this point in time, it appears to me, he's preparing to introduce evidence that will incriminate my client to an unbelievable degree. It would make him driver of the motor vehicle, it would make him in possession of the weapon, all of these items.

I think if this is the case, on behalf of my client, it should be entitled to a motion to sever.

THE COURT: A strange time to be moving for that, it should have been two months ago.

[COUNSEL FOR APPELLANT]: I had no idea [counsel for codefendant] was going to put this person on the stand.

Didn't I just ask you before we went in if you were really going to do that?

[COUNSEL FOR CODEFEND-ANT]: That's correct.

THE COURT: What's true?

[COUNSEL FOR CODEFEND-ANT]: He said, isn't it correct that he just asked me if I was really going to put my client on the stand and I said, yes.

[COUNSEL FOR APPELLANT]: We've had discussions about the fact that his client were actually to take the stand that would amount to difficulties as for my client."

We do not think the record supports the statement that appellant's codefendant was not going to testify; rather, we conclude, as the trial court must have, that the codefendant would testify was a possibility known to appellant.

While it is generally held that separate trials should be allowed where the defenses of several defendants jointly indicted are antagonistic to each other, *see* Anno. 70 A.L.R. 1184, 1185. Rule 13.4(c), Rules of Criminal Procedure, 17 A.R.S., provides that a severance is waived if a motion is not made prior to trial, the only exception being as indicated, for a ground not previously known arising during the trial. We have previously held that a trial court has wide discretion in ruling on a request for severance and will not be reversed absent a clear abuse of that discretion. *State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975). The record does not support an agreement or understanding that appellant's codefendant would not take the witness stand. Lacking such a firm understanding, it was appellant's duty to move before trial for a severance.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.