557 P.2d 1058

**STATE of Arizona, Appellee,**

v.

**Michael Roland BLIER, Appellant.**

**No. 3616.**

Supreme Court of Arizona,
En Banc.

Nov. 29, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

On February 19, 1975 appellant Michael Roland Blier entered a plea of guilty to a charge of burglary in the first degree. He was sentenced on March 10, 1975 to three to nine years in the Arizona State Prison. From the judgment and sentence he appeals, and we have accepted jurisdiction of that appeal pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Appellant raises four issues in his appeal:

1. Was the competency hearing invalid?

2. Did the failure of the parties to comply with the "written stipulation" clause of rule 11.5(a) invalidate the finding of competency?

3. Is his sentence invalid because no presentence report was prepared?

4. Was the plea of guilty invalid because no writtten plea agreement was filed?

After waiving a preliminary hearing, and entering a plea of not guilty at arraignment to cause number 83721, charging him with burglary, first degree, appellant, by his counsel, requested a mental examination pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 11.2. The motion was granted, the examinations conducted, and the results transmitted to the court and parties. It was reported by both court-appointed doctors that the appellant was not only competent to stand trial, but was also sane at the time the crime was committed.

A competency hearing was scheduled by the court, as mandated by rule 11.5(a). It is clear, from the record, that both defense and state's counsel were present at this scheduled hearing. It is not clear whether the defendant was present. For purposes of this appeal, we will assume he was not.

The record also clearly reflects that at the competency hearing, counsel for both sides stipulated orally that they would submit the issue of the appellant's competency solely on the experts' reports. Rule 11.5(a) allows such a stipulation but requires that it be in writing. The rule does not specify whether defense counsel or defendant, or both, must sign the writing, but refers only to "the parties" in this respect. In this case, both the attorneys and the court sought to circumvent this requirement by further agreeing on the record that, "the transcript of the proceedings is a sufficient compliance with Rule 11.5(a) so far as a written stipulation is concerned."

The court then found appellant competent to stand trial in this matter and in a

revocation of probation matter which was also pending against appellant. That matter was cause number 80101. Pursuant to a request by defense counsel, the court also scheduled another appearance date for a change of plea by appellant, and further set that same day and time for a final rev·· ocation hearing in cause number 80101.

At the change of plea appearance, appellant, advised of and acknowledging that a ·plea of guilty to the burglary charge in cause number 83721 would also serve as a basis to revoke his probation in cause number 80101, pleaded guilty as charged. At this hearing, the following exchange took place between defense counsel and the court:

"Counsel: If the court please. . . . The presentence report in 80101 can be used in 83721 as well.

. . . . . .

"Court (addressing the defendant): . . . Your attorney has indicated that he, upon discussion with you, would waive the time for sentencing in Cause 83721, there having been a pre-sentence report with an update on it submitted in Cause 80101. . . ."

The defendant, however, apparently changed his mind about waiving the time for sentencing, so another appearance date was scheduled for that purpose. At this later appearance, appellant was sentenced to concurrent terms of three to nine years in both causes.

## VALIDITY OF COMPETENCY HEARING

Appellant alleges that the entire competency hearing was invalid because (1) appellant was not present and a defendant has a right to be present at a competency hearing, (2) defense counsel cannot waive a defendant's presence at a competency hearing, (3) nor can he stipulate to the submission of the issue on the experts' reports without the defendant's express consent.

The defendant in a felony prosecution has the right to be present at any stage of the trial proceedings whenever his presence has a reasonably substantial relation to the full opportunity to defend against the charge. *Snyder v. Commonwealth of Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). We believe this maxim applies to a competency hearing. However, like so many other rights, the right to be present at a competency hearing may be waived. *Snyder v. Commonwealth of Massachusetts, supra; State v. Contreras,* 112 Ariz. 358, 542 P.2d 17 (1975); 17 A.R.S. Rules of Criminal Procedure, rule 9.1. *See also* Fed.Rules of Crim.Proc. rule 48, 18 U.S.C.A.

This court has already decided that defense counsel may stipulate to the submission of the competency issue on the experts' reports without the express consent of the defendant appearing on the record, absent any indication in the record that the defendant is dissatisfied with his attorney. *State v. Contreras, supra.* We said therein,

"Counsel stands in the stead of his client when representing the accused. . . . There is nothing in the record before us to indicate . . . dissatisfaction with his attorney, and therefore the attorney has his general authority to make such a waiver." 112 Ariz. at 359, 542 P.2d at 18.

It is implicit from that language and the holding in *Contreras* that if defense counsel has the general authority to make the waiver of the hearing itself, he certainly has general authority to waive the defendant's presence when there is going to be no actual hearing.

We hold that a defendant does have the right to be present at a rule 11 competency hearing, but that the defendant may waive that right, as may his counsel, absent any indication in the record that the defendant is dissatisfied with his legal representation.

## FAILURE TO COMPLY WITH "WRITTEN STIPULATION" CLAUSE OF RULE 11.5(a)

 Citing *State v. Lee,* 112 Ariz. 283, 541 P.2d 383 (1975), appellant contends that if counsel cannot, by words spoken in open court, avoid the necessity of filing a written plea agreement pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 17.4(b), he also cannot, by words spoken in open court, avoid the necessity of filing a written stipulation, pursuant to rule 11.5(a). This argument ignores the purpose of rule 17.4(b), which is of constitutional magnitude, as opposed to the purpose of the "writing" clause in rule 11.-5(a), which is not.

> "The provisions of Rule 17 are intended to insure the voluntary and intelligent quality of the plea in accord with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Rule 17.4 is designed to guarantee that the parties, the trial court and the appellate court are all aware of the exact agreement. . . ." *State v. Lee,* 112 Ariz. at 284, 541 P.2d at 384.

The terms of a plea agreement may be multitudinous and diverse, and it is constitutionally mandated by *Boykin* that the defendant thoroughly understand them. One way to assure the trial court of this understanding is to have the defendant actually see the terms in writing and agree to them by signing that writing.

The purpose of rule 11.5(a) is to require a competency hearing, unless it is waived by stipulation. There is not, in a rule 11.-5(a) stipulation, the multitude of terms which the parties must have clarified and understood as there is with a plea agreement.

Further, a rule 11.5(a) stipulation, while important strategically, does not amount to anything nearly as final as a guilty plea. A guilty plea is a conviction; there is nothing left to the criminal procedure after that but sentencing. *Boykin v. Alabama,*

*supra.* This result is an important distinction between rule 17.4(b) and 11.5(a).

The language of the two rules shows the difference in importance as well. Rule 17.4(b) reads:

> "The terms of a plea agreement *shall be* reduced to writing *and signed by the defendant,* his counsel, if any, and the prosecutor. . . ." (emphasis added).

Rule 11.5(a) says:

> "When the examinations have been completed, the court shall hold a hearing to determine the defendant's competency. The parties may introduce other evidence regarding the defendant's mental condition, or by written stipulation, submit the matter of the experts' reports."

As can be seen, the language of the two rules differs considerably in strength and meaning because they differ in purpose and result. A plea agreement must be in writing and signed by a defendant because the defendant must understand his action leads to a final, irrevocable and severe result: conviction of a crime. A rule 11.-5(a) stipulation requires a writing, signed by "the parties," merely to clarify and preserve the record of their intentions to waive a formal competency hearing. In this case, that intention *is* clear from the record.

 There is no requirement that the defendant himself sign the rule 11.5(a) stipulation. His duly authorized representative, defense counsel, having general authority to waive the hearing, certainly has general authority to sign the stipulation on the defendant's behalf. We can even envision a situation where the experts' reports show a defendant to be so incompetent that his signature on such a stipulation would be meaningless.

 In view of the above analysis of the purposes and results of rule 17.4(b) and 11.5(a), we hold that it is not reversible error for the parties to fail to sign a written stipulation when there is sufficient

evidence in the record to show the mutual intention of the parties to submit the competency issue on the experts' reports. We admonish trial judges for the future, however, to decline to take the path chosen herein, and instead to require a writing, signed by the parties, before accepting a rule 11.5(a) stipulation.

## VALIDITY OF SENTENCE WITHOUT PRESENTENCE REPORT

■ The appellant urges in his briefs that, although the trial court had before it a presentence report in cause number 80101, that report was not sufficiently updated nor was it filed in this case (cause number 83721). It is contended, therefore, that there was an inadequate basis upon which to determine sentence.

17 A.R.S. Rules of Criminal Procedure, rule 26.4(a) reads:

"The court shall require a presentence report in all cases in which it has discretion over the penalty to be imposed, except that requiring such a report is discretionary in those cases . . . in which a presentence report concerning the defendant is already available. . . ."

We think this case is a perfect example of the exceptional circumstance wherein the court may wish to exercise its discretion and not require a presentence report to be prepared, since it had before it such a report already. The record reveals that the presentence report in cause number 80101 was prepared during May, 1974. The sentence in cause number 83721 was imposed in March, 1975, less than one year later, and the report had been updated in the meantime.

The comment to rule 26.4 says,

". . . When the attorneys bring to the attention of the court, or the court itself finds indications, that there have been significant changes in the defendant or his environment since the last report was prepared, a new pre-sentence report should be ordered. . . ."

Not only did defense counsel not bring to the trial court's attention any "significant changes" and request a fresher report, but he, in fact, suggested to the court that it use the presentence report available from cause number 80101.

We find that the trial court *did* have an adequate source from which to determine sentence in the presentence report of cause number 80101. The fact that the report is not filed in the records of cause number 83721 is not relevant to this appeal, as it is not alleged that the sentence was excessive or illegal in any way, and there is no requirement in the rules or otherwise that such a report actually be filed in any case.

## VALIDITY OF GUILTY PLEA

■ It is alleged by appellant that his plea was not valid under authority of 17 A.R.S. Rules of Criminal Procedure, rule 17.4(b) and *State v. Lee, supra,* in that no written plea ageement was filed in this matter. In reply, the state alleges that no plea agreement was ever made and that the record, with one exception, reveals no plea negotiations between the parties.

The exception referred to is a minute entry dated February 19, 1975. It is a "form" minute entry, the type used to save time, and on which inapplicable items may be crossed out by the appropriate court personnel. That minute entry in this case has several standard items crossed out, but this one is not:

"The State moves to file Plea Agreement and no objection made,

ORDERED filing Plea Agreement."

The state in its reply brief urges that the failure to cross this item out is a clerical error.

It is true that nowhere else in the record is there any reference to a plea agreement or plea negotiations, and appellant pleaded guilty as charged. In view thereof, we remand the matter to the trial court for a determination, within 30 days, of whether or not the appellant was induced to plead

guilty pursuant to an agreement between the parties.

The trial court shall return to this court its findings along with a transcript of the record of the hearing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.