564 P.2d 1241
**STATE of Arizona, Appellee,**

v.

**Frank B. MONCAYO, Appellant.**

**No. 3501.**

Supreme Court of Arizona,
En Banc.

May 17, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Alexander Russin, Holbrook, for appellant.

HAYS, Justice.

On October 30, 1975 a jury returned verdicts of guilty on two counts of rape, first degree, against appellant, Frank B. Moncayo. He was sentenced, thereafter, to two concurrent terms of seventeen years to life. Although his notice of appeal specifies only an appeal from the sentence, the briefs filed in his behalf raise several issues, none of which challenge the sentence. In view, however, of the serious nature of the charge, and the sentence imposed, we will not penalize appellant for his attorney's error and will consider all the issues raised, as well as the sentence.

We have jurisdiction of this matter pursuant to A.R.S. §§ 13–1711 and 12–120.-21(A)(1).

Moncayo and a codefendant, Ralph Trujillo, Jr., were both charged with two counts of forcible rape of Juanita Mann. They were originally scheduled to be tried jointly.

The morning of the trial, however, during an omnibus hearing in the judge's chambers, Trujillo's attorney moved for a severance. Through some clerical error, Trujillo, who was in another state, had not been informed by the court that this was the day of trial, so he wasn't present. Additionally, there was some indication that Trujillo was going to consummate a plea bargain with the county attorney's office, thereby obviating the necessity of a trial for him. Finally, the state was fully prepared to proceed to trial against appellant alone.

Over objection of appellant's counsel, the judge granted the severance motion. Appellant assigns this as the first error committed by the trial court. He argues that rule 13.4, 17 A.R.S. Rules of Criminal Procedure, was not complied with, as the motion was not made twenty (20) days prior to trial, nor at the omnibus hearing.

We disagree. It is apparent from the record that the hearing in the judge's chambers was, indeed, the omnibus hearing. Since the motion was made and granted there, it was timely. Rule 13.4(c).

Additionally, appellant made no showing whatever that the severance would prejudice him. In fact, the severance may have been beneficial to him since later in the trial he was able to call the codefendant to the stand, a feat he could not have achieved if they had been jointly tried.

A trial judge's discretion in granting or refusing a requested severance will not be reversed absent a clear abuse of discretion, and failure to demonstrate prejudice or clear abuse of discretion means failure of the issue on appeal. *State v. Bojorquez*, 111 Ariz. 549, 535 P.2d 6 (1975). We find no prejudice and, therefore, no abuse of discretion on this issue.

At the same hearing, and after the severance was granted, appellant's counsel argued that he should be granted a continuance in order to depose the codefendant

regarding any statements Trujillo may have made during a short plea negotiation with the county attorney. Trujillo had refused to be interviewed by appellant's counsel. The request was based on rules 15.3(a)(2) and 15.1 of the Rules of Criminal Procedure. Rule 15.1 says, in pertinent part,

"a. Matters Relating to Guilt, Innocence or Punishment. . . .

[T]he prosecutor shall make available to the defendant . . . the following

.     .     .     .     .

(2) All statements of the defendant and of any person who will be tried with him; . . ."

The county attorney and Trujillo's attorney both assured the trial court that Trujillo made no statements which would be at all helpful to appellant, nor did he make any which were recorded in any way.

■ Had Trujillo made any exculpatory statements regarding appellant, or said anything negating appellant's guilt, the prosecutor would clearly be under a duty to so inform the defense. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *State v. Altman*, 107 Ariz. 93, 482 P.2d 460 (1971). Despite the state's arguments based on rule 17.4(f), this would be true. That rule addresses itself solely to information that could be used against the negotiating defendant. We see no conflict between it and the mandates of *Brady*.

■ However, in this case we have the assurances of two officers of the court that no such information was given during the plea negotiations in question. We further have their assurance that no statements were recorded by the county attorney or anyone under his control. Rule 15.1(d). Therefore, there was no duty under rule 15.1(a)(2) to reveal any other discussion between that office and Trujillo. Rule 15.-4(a), *State v. Escherivel*, 113 Ariz. 300, 552 P.2d 1194 (1976). (*See also* Comments to ABA Standards Relating to Discovery and Procedure Before Trial, § 2.1(a), which limits the disclosure requirement to statements made by a codefendant which will be used at a joint trial).

■ There is an even stronger argument for failing to order the deposition of Trujillo pursuant to rule 15.3: the privilege against self-incrimination. Trujillo had not yet pled to the charges with which he and appellant were jointly charged. Despite his refusal to be informally interviewed by appellant's counsel, the trial court could not force him to divulge any information regarding the alleged rapes by way of deposition. U.S.Const. amend. V; Ariz.Const. art. 2, § 10; A.R.S. § 13–163; *State v. Arredondo*, 111 Ariz. 141, 526 P.2d 163 (1974).

■ Although the trial court could have allowed a continuance and ordered a deposition, rules 8.5, 35.4 and 15.3, we do not believe that, under the circumstances enumerated above, this trial court abused the discretion allowed it by rule 15.3(a). A defendant and his counsel certainly have a right to talk with any witness having knowledge of matters which may be beneficial or detrimental to the defense, *State v. Wise*, 101 Ariz. 315, 419 P.2d 342 (1966), but no one has the right to compel a violation of the privilege accorded a defendant by the federal and state constitutions.

■ Several months after the appellant's trial had concluded, Trujillo pled guilty to one of the counts of rape in exchange for the dismissal of the other count. The last issue raised by the appellant is that the trial court erred in refusing to grant his request to depose the codefendant after Trujillo had pled and waived his privilege against self-incrimination.

It was the contention of appellant that Trujillo had made exculpatory statements regarding appellant during Trujillo's plea proceedings. In support thereof, appellant's counsel read into the record pertinent parts of the transcript of Trujillo's plea

proceeding. Those excerpts did, indeed, at least in part, seem to negate appellant's guilt with regard to one of the counts of rape. (The codefendants were each charged with having raped the victim themselves and being an aider and abettor to the rape by the other).

We agree with appellant's contention that he should have been allowed, after Trujillo had pled and waived his privilege against self-incrimination, to question Trujillo in a post-conviction hearing to determine whether a new trial should have been granted. The notice of deposition filed by appellant's counsel was not, however, the proper means by which to raise the issue since this was not a pretrial discovery proceeding, but really a request for post-conviction relief. The appropriate form of relief was, indeed, a motion for a new trial pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 32.*

We therefore affirm the judgments and sentences. We do note, however, that the holding of this court is no way in derogation of the defendant's right to seek relief under rule 32.

Judgments of conviction and sentences affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

* The "Deposition Notice" filed on appellant's behalf shortly after Trujillo pled in January, 1976, read:

"COMES NOW the defendant . . . by and through his attorney . . . and moves the Court for an order permitting the . . . defendant to take the deposition of Ralph Trujillo Jr. on the basis that said Ralph Trujillo Jr. has waived his right against self-incrimination by entering a plea of guilty on the above named and numbered case.

"It is understood by the attorney for defendant . . . that said Ralph Trujillo, Jr. made exculpatory statements on behalf of defendant. . . . This evidence or testimony was not available to the attorney for defendant . . . prior to the trial held in the above matter. . . ."