568 P.2d 1147

**STATE of Arizona, Appellee,**

v.

**Quincy TRAMBLE, Appellant.**

**No. 1 CA–CR 2145.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 2, 1977.

Rehearing Denied Aug. 31, 1977.

Review Denied Sept. 27, 1977.

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Atmore L. Baggot, Phoenix, for appellant.

## OPINION

NELSON, Presiding Judge.

On June 15, 1976 the defendant, Quincy Tramble, pled guilty to two charges of second degree burglary and was sentenced to 4½ to 5 years in the Arizona State Prison on each charge, to be served concurrently. He now appeals from his sentences contending that (1) he was denied the right to be present at his competency hearing; (2) a prior conviction was improperly used to enhance his sentences; (3) he was denied effective representation of counsel; and (4) the probation department improperly usurped the trial court's discretion in recommending his length of sentence. For the reasons stated below we uphold the imposition of the sentences imposed.

Defendant was charged by information with two counts of second degree burglary and one count each of grand theft and attempted grand theft. He pled not guilty to the charges and moved to have his competency to stand trial determined pursuant to Rule 11.2, Rules of Criminal Procedure, 17 A.R.S. The motion was granted and on June 4; 1976 a hearing was held to deter-

mine defendant's competency. Both defense counsel and counsel for the State were present at the hearing. However, the defendant was not present at the hearing. He was, at the time, incarcerated in the county jail, and the record does not reflect whether he was notified of the hearing or given an opportunity to be present.

Two medical experts testified at the competency hearing. Both doctors agreed that Tramble was competent to stand trial, understood the nature of the proceedings against him, and understood the constitutional rights he would waive if he pled guilty. It was the opinion of Dr. Robert T. Dean that the defendant, who is black, distrusted all Caucasians, including his attorney, and "ha[d] accepted the attitude of young blacks of not to trust anybody who is not black." The doctor stated that while defendant was able to cooperate in the preparation of his defense, he was *unwilling* to do so. Dr. Maier Tuchler testified defendant did not trust anyone, including his attorney, that he did not want to cooperate with anyone, that he believed if he was uncooperative with his attorney he probably would not be tried, and that defendant was *deliberately* not cooperating with his attorney.

Subsequent to the competency hearing defendant pled guilty to the burglary charges, the other charges being dropped pursuant to the plea agreement.

Defendant argues his absence from the competency hearing nullified the entire procedure, in effect vitiating the trial court's determination that he was competent. Therefore, he contends, there was no valid finding of competency and, absent such a finding, the sentence imposed by the trial court was invalid. We disagree.

 A defendant may not be tried, convicted, sentenced or punished while he is incompetent. *State v. Bradley*, 102 Ariz. 482, 433 P.2d 273 (1967); Rule 11.1, Rules of Criminal Procedure, 17 A.R.S. A defendant also has a right to a hearing to determine his competence where reasonable grounds

exist to believe he may be incompetent. *State v. Verdugo*, 112 Ariz. 288, 541 P.2d 388 (1975); Rule 11.1, *supra*. When a competency hearing is held the defendant has a right to be present at the hearing. *State v. Blier*, 113 Ariz. 501, 557 P.2d 1058 (1976); *State v. Rodriquez*, 27 Ariz.App. 689, 558 P.2d 717 (1976).

 In our opinion the right of a defendant to have his competency determined and his right to be present at the competency hearing are not of equal weight. The right of a defendant not to be tried and convicted while incompetent and his right to a competency hearing are guaranteed by due process. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The right to a competency hearing is not waived by the failure to assert it or by entry of a guilty plea since "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity . . . ." *Pate v. Robinson, supra* at 383 U.S. 384, 86 S.Ct. 841; *State v. Messier*, 114 Ariz. 522, 562 P.2d 402 (Ct.App.1977). A defendant's right to be present at his competency hearing, on the other hand, is grounded in the sixth amendment right of confrontation. This right can be waived by defendant or his counsel. *State v. Blier, supra.*

 In this case we are not dealing, as defendant suggests, with defendant's right to have his competency determined. Here there was a hearing and the trial judge found the defendant competent after considering the testimony and reports of two medical experts and the arguments of counsel. The fact of defendant's absence from this hearing did not invalidate the court's finding of competency since defendant's absence, by itself, did not bring his competency into question.

 The question with which we are concerned, then, is whether defendant was denied the right to be present at his competency hearing. In *State v. Blier, supra*, the Arizona Supreme Court held that a defense

attorney may waive his client's presence at his competency hearing "absent any indication in the record that the defendant is dissatisfied with his legal representation." *State v. Blier, supra* 113 Ariz. at 503, 557 P.2d at 1060. In the present case defense counsel's participation in the hearing without objecting to defendant's absence was sufficient to waive his presence so long as we can find no indication on the record that defendant was dissatisfied with his counsel. *See State v. Ramirez*, 111 Ariz. 498, 533 P.2d 665 (1975); *State v. Cobb*, 110 Ariz. 578, 521 P.2d 1124 (1974).

■ While defendant has not here, or in the court below, specifically alleged he was dissatisfied with his defense attorney, he contends his own "total unwillingness to cooperate" evidenced his dissatisfaction with his legal representation. We think, however, the record shows quite clearly that defendant's unwillingness to cooperate with his attorney was calculated to undermine his prosecution rather than an indication he was displeased with his legal representation. We will not equate a defendant's refusal to cooperate, or his distrust of Caucasians or distrust of all people as the "indication . . . that the defendant is dissatisfied with his legal representation" referred to in *Blier, supra*. Similarly we cannot agree such conduct on the part of the defendant indicates he *could not* cooperate with counsel as opposed to his refusal to cooperate. The testimony of the medical experts overwhelmingly indicates defendant's lack of cooperation was entirely volitional and not the result of a mental defect which affected his competency. "The voluntary actions of the defendant do not provide an excuse in law for his . . . irrational conduct." *State v. Cooper*, 111 Ariz. 332, 334, 529 P.2d 231, 233 (1974).

■ Alternatively, even if defense counsel's conduct did not constitute a waiver, we think defendant waived his right to contest this issue by his plea of guilty.

"A guilty plea . . . simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna v. New York*, 423 U.S. 61, 62, Note 2, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975).

In the present case, as we have heretofore stated, defendant's absence from his competency hearing did not bring into question the validity of the trial court's determination of his competence. His absence was not relevant to the establishment of his factual guilt and therefore constitutes a nonjurisdictional defect which was waived by the entry of his guilty plea. *State v. Lerner*, 113 Ariz. 284, 551 P.2d 553 (1976). The defendant, by entry of a plea of guilty, thereby precluded himself from raising any question in regard to his right to be present at his competency hearing.

■ Defendant next argues that while his competency to stand trial may have been properly established, his competency to enter a guilty plea was not. *See State v. Wagner*, 114 Ariz. 459, 561 P.2d 1231 (1977). This issue, while relevant to the validity of the judgments of guilt, is raised as a challenge to the sentences only. While we have the inherent power to address this issue on our own motion, as did the Supreme Court in an analogous situation in *State v. Moncayo*, 115 Ariz. 274, 564 P.2d 1241 (filed May 17, 1977), we decline to do so because of the peculiar facts of this appeal. In *Moncayo* the defendant appealed from his sentence only but raised no issues challenging the sentence. The Court in that case deemed the designation of the appeal from sentence only as an error on the part of Moncayo's attorney and addressed the issues so as not to penalize the defendant for his attorney's mistake. Here, in contrast, it is quite clear no mistake has been made and it is quite clear why.

First, on July 18, 1976, two days after sentencing, the defendant personally entered his notice of appeal from the sentences imposed herein. Second, his opening brief and reply brief each bear the title "An Appeal From a Sentence." Finally, during oral argument before this panel, defense

counsel, in response to inquiry from the bench, unequivocally stated defendant seeks only vacation of his sentences and not reversal of the judgments entered against him.

The justification for this tactic on appeal is quite apparent. Defendant's negotiated plea, heretofore described, was quite advantageous. Were the judgments against him reversed, the charges dismissed pursuant to the plea bargain would be reinstated, exposing the defendant to the possibility of conviction on these additional charges and incarceration for additional periods of time.

Since no mistake as to the nature of this appeal has been made in this case and since the question presented has no bearing to the relief sought, we decline to discuss it. *See State v. Moncayo, supra.*

■■■■ Defendant next contends his sentence, although within statutory limits, *see* A.R.S. § 13–302B, was more severe than it might have been because the trial judge considered two prior out of state convictions without a showing on the record that he was represented by counsel at the time of the convictions or that he had been advised of his right to counsel and had waived that right. We agree that a prior conviction which is constitutionally invalid may not be used to enhance the sentence imposed for a subsequent conviction, even when the sentence for the subsequent conviction is within the range of sentence for that conviction alone, if the record affirmatively shows the prior convictions to be constitutionally infirm and that the sentence might have been different had the sentencing judge known that the convictions had been unconstitutionally obtained. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). There is, however, no showing *nor even an allegation* in this case that defendant's prior convictions were constitutionally infirm. *Compare Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *United States v. Tucker, supra.* For this reason defendant's contention that the trial

court improperly considered his prior convictions for the purpose of sentencing must be rejected. *State v. Miller,* 108 Ariz. 303, 497 P.2d 516 (1972).

"Although defendant may at times benefit from a silent record, we do not believe it unreasonable, illogical or even contrary to recent United States Supreme Court cases on this subject to require some allegation of infirmity by the defendant when he is attempting to go behind the face of a judgment of a sister state and is requesting us to ignore the judgment despite the 'full faith and credit clause of the United States Constitution.'" *State v. Miller, supra* at 309, 497 P.2d at 522.

■■■■ The next issue is whether the trial judge improperly permitted the probation officer in his presentence report to usurp the court's sentencing discretion by recommending a disposition as to defendant's punishment. Defendant urges vacation of his sentences on the basis that there is no statutory authority for the probation officer to recommend length of sentence. We express no opinion regarding the authority of a probation officer to suggest the length of a sentence since the record here contains no suggestion that the trial judge did not exercise his own discretion in imposing these sentences. The report recommended defendant be incarcerated for a "medium" length of time. The maximum sentence for second degree burglary is not to exceed five years. A.R.S. § 13–302(B). Clearly a sentence of 4½ to 5 years on each charge is not a "medium" one within this context. While the court did follow the probation officer's recommendation that defendant's sentences run concurrently, it is clear it did not consider itself bound by this recommendation and that the decision to impose concurrent sentences rather than consecutive ones was a product of the court's discretion and not the probation officer's. We find no error.

■■■■ Finally, defendant contends the State failed to insure he had effective representation of counsel. To support a contention of ineffective counsel, it must appear that counsel's representation was so

incompetent as to reduce the criminal proceedings to a farce or sham. *State v. Watson*, 114 Ariz. 1, 559 P.2d 121 (1976); *State v. Daniel*, 25 Ariz.App. 592, 545 P.2d 440 (1976). In the present case defendant does not allege even one instance of *counsel's* failure to represent him effectively and competently. Instead, he again relies on his own "total unwillingness to cooperate" to justify his allegation of ineffective representation. In spite of this lack of cooperation, the record shows he was effectively represented and that his attorney acted diligently on his behalf even to the extent of obtaining an extremely favorable plea agreement on his behalf. Nothing in the record suggests defendant's representation was ineffective and in fact, the record affirmatively shows the representation very effective. We find no basis upon which to set aside the sentences for lack of effective assistance of counsel.

The sentences are affirmed.

FROEB, C. J., and HAIRE, J., concur.