139 Ariz. 567 (1984)
679 P.2d 1054
STATE of Arizona, Appellee,
v.
Curtis Nelson BISHOP, Appellant.
No. 5644.
Supreme Court of Arizona, En Banc.
March 27, 1984.
*569 Robert K. Corbin, Atty. Gen. by William Schafer III, Diane M. Ramsey and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.
Natman Schaye, Tucson, for appellant.
HAYS, Justice.
Appellant Curtis Bishop was indicted for the November 14, 1980 murder of Cheryl McMahon, an employee at "VisionQuest," a residential treatment center for troubled youths. Appellant pled guilty to a first-degree murder charge in return for the state's promise not to seek the death penalty. The trial court sentenced appellant to life imprisonment.
Three issues confront us: whether the trial court properly found appellant voluntarily absent from three sessions of a competency hearing accorded him pursuant to Arizona Rules of Criminal Procedure, rule 11; whether appellant was properly found competent to plead guilty; and whether appellant received effective assistance of counsel. This court has jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 13-4031, and A.R.S. § 13-4035. We conclude there is insufficient evidence in the record to support a finding that appellant was voluntarily absent from his competency hearing. We therefore remand this case for a new competency hearing at which appellant shall be present or properly found to be voluntarily absent. We further hold that appellant received effective assistance of counsel.
ABSENCE FROM RULE 11 HEARINGS
Appellant first claims the trial court erred in finding appellant voluntarily absent from three sessions of his rule 11 hearing. Appellant was present at the first session of the rule 11 hearing, conducted December 14, 1981. At the end of that session the trial court ordered the hearing continued to January 6, 1982. On that date the trial court stated it had been informed by deputy sheriffs that when detention officers at the jail where appellant was being housed went to bring appellant to the transportation unit for transportation to the court, the appellant told them he was not going to court. The trial judge found appellant had voluntarily refused to attend court. Appellant's attorney objected, arguing that the record was inadequate to make the voluntariness finding and that by making that finding the court had essentially made itself a witness. The rule 11 hearing continued on two subsequent dates  January 25, 1982 and February 22, 1982. On both dates appellant was absent, the court stated it had been advised by the sheriff's office that appellant refused to attend court, defense counsel objected to proceeding in appellant's absence, and the court overruled the objection.
The defendant in a felony prosecution has a constitutional right to be present at a competency hearing. State v. Blier, 113 Ariz. 501, 503, 557 P.2d 1058, 1060 (1976). This right, however, can be waived. Id. "The finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact." Brewer v. Raines, 670 F.2d 117, 120 (9th Cir.1982). We will not upset a trial court's finding of voluntary absence, therefore, absent an abuse of discretion. See State v. Goldsmith, 112 Ariz. 399, 401, 542 P.2d 1098, 1100 (1975).
We hold the trial court abused its discretion in finding appellant's absences from the third and fourth sessions of the *570 rule 11 hearing were voluntary. The record provides an insufficient basis to determine the voluntariness of appellant's absences. Appellant was confined in jail during the period the rule 11 hearing was held. The court never questioned on the record the deputy sheriffs or the detention officers at the jail about what they said to appellant or about appellant's response. Further, appellant's attorney was never allowed to question these people on the record. Appellant himself was never questioned on the record. This court has recognized the difficulties presented by relying on hearsay to find a waiver of constitutional rights. See State v. Noble, 109 Ariz. 539, 541, 514 P.2d 460, 462 (1973).
The state argues there was sufficient evidence of the three requirements of the Rules of Criminal Procedure, rule 9.1, to support an inference of voluntary absence. In pertinent part rule 9.1 provides:
The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear.
The second and third requirements were met when appellant signed a release order shortly after his arrest. That order contained a "WARNING TO DEFENDANT" stating in capital letters "you have the right to be present at your trial and other proceedings in your case. If you fail to appear as required, the trial or proceedings may be held without you...." See State v. Tudgay, 128 Ariz. 1, 3, 623 P.2d 360, 362 (1981), (similar warning to defendant satisfied rule 9.1).
With regard to the requirement that the defendant have personal notice of the proceeding, the state, in one sentence and with no supporting authority, argues the appearance of the detention officers should suffice as notice of a court proceeding. Assuming, arguendo, that is true, this argument still ignores the fact that mere appearance by detention officers would not indicate to an accused the type of proceeding for which he was wanted. It might be a proceeding, like a rule 11 hearing, for which an accused has a constitutional right to be present. It might also be a proceeding for which he does not have that right, such as a motion for continuance. In the present case, in fact, over objections of appellant's counsel, the court found, in the same manner as at the last three sessions of the rule 11 hearing, that appellant voluntarily refused to attend a court proceeding held on January 18, 1982 concerning a motion by the state to compel appellant's attorney to examine and identify evidence. Nothing in the record indicates the detention officers distinguished for appellant this court proceeding from the important rule 11 hearing. It is entirely possible the detention officers went to appellant's cell and merely told him to come with them or that he was wanted in court. The record does not give sufficient indication that appellant knew of the third and fourth sessions of the rule 11 hearing.[1] Nor can we presume that appellant refused to go to the hearing; a judge's hearsay has no greater weight than any other hearsay.
The trial court might have believed it was highly unlikely appellant's attorney did not ask appellant about his refusal to attend court for the rule 11 hearing and tell him the dates to which that hearing was continued. See State v. Rice, 116 Ariz. 182, 185, 568 P.2d 1080, 1083 (App. 1977). However, at the January 18, 1982 proceeding concerning the state's motion to compel examination and identification of evidence, appellant's attorney, in response to a question from the trial court, stated he had not talked with appellant about appellant's refusal to attend court. The attorney should have told appellant when the rule 11 sessions were scheduled to be held, and we do not by this opinion condone the attorney's laxity, but there is still nothing in the record suggesting anyone ever told appellant *571 when the third and fourth rule 11 sessions were to be held.
Finally, we note this case is unlike the usual voluntary absence case, in which the absent defendant is not in custody. An out-of-custody defendant has the responsibility to remain in contact with his attorney and the court. In the present case the trial court easily could have brought appellant before it. The comment to rule 9.1 states that "a defendant who has received the required warnings might still be involuntarily absent and should be required to prove that fact." The trial court on the record should have inquired further into appellant's absence.
The state argues that appellant's subsequent guilty plea acted as a waiver of any violated constitutional rights. With respect to a violation of appellant's right to be present at his rule 11 hearing, we do not agree. We do not accept the bootstrapping argument that a plea of guilty can act as a waiver of an invalid determination of competency to enter that very plea. See Pate v. Robinson, 383 U.S. 375, 384, 86 S.Ct. 836, 841, 15 L.Ed.2d 815 (1966) ("it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently `waive' his right to have the court determine his capacity to stand trial."). Competency is so basic to the ability of an accused knowingly and voluntarily to plead guilty that we will not uphold a guilty plea, where competency has been a valid issue, absent a proper finding of competency. Anything to the contrary in State v. Tramble, 116 Ariz. 249, 253, 568 P.2d 1147, 1151 (App.), cert. denied, 434 U.S. 974, 98 S.Ct. 530, 54 L.Ed.2d 465 (1977), is hereby overruled.
Finally, the state claims that any error was harmless. Errors of constitutional magnitude do not require reversal if the court finds them harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Although appellant was characterized as borderline mentally retarded, he apparently had an ability to remember past events. He therefore would have been able to point out to counsel any inaccuracies in the testimony. We cannot say, therefore, that the errors were harmless beyond a reasonable doubt.
COMPETENCY OF COUNSEL
Appellant's final claim is that he was denied effective assistance of counsel. The standard to determine whether an accused received effective assistance of counsel "is whether under the circumstances the attorney showed at least minimal competence in representing the criminal defendant." State v. Watson, 134 Ariz. 1, 4, 653 P.2d 351, 354 (1982). We find this standard was met in this case.
From appellant's brief we have distilled four basic complaints of incompetence. The first two of those complaints have been rendered moot by our remand for a new competency hearing. The third allegation is that appellant's counsel never inspected physical evidence in possession of the prosecutor. The difficulties involved in inspecting certain physical evidence were discussed before the trial court several times, and at least eight references to the issue are contained in the record. The trial court dealt with the issue within its discretion.
The final complaint is that although counsel filed motions challenging the admissibility of statements, physical evidence, and photographs, hearings were never set on these motions. We note that each of the motions was accompanied by a memorandum of points and authorities. We further note that many times the purpose of filing such motions is to preserve the issues on appeal. We find that appellant received effective assistance of counsel.
This case is remanded for a new competency hearing.
HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.
NOTES
[1] Appellant of course knew when the second session was to be held because he was present at the first session, at which the time for the second session was established.