NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN THE MATTER OF AMANDA G.

No. 1 CA-MH 14-0042

FILED 1-20-2015

---

Appeal from the Superior Court in Mohave County
No. S8015MH201400022
The Honorable Lee Frank Jantzen, Judge

**VACATED AND REMANDED**

---

COUNSEL

Mohave County Attorney's Office, Kingman
By Dolores H. Milkie
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Ronald S. Gilleo
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1          Amanda G. appeals the trial court's finding that she waived the right to attend her commitment hearing. For the following reasons, we conclude there was insufficient evidence to support this finding. As a result, we vacate the order compelling Amanda to undergo involuntary treatment and remand this matter to the trial court for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL HISTORY

¶2          A medical doctor and clinical liaison filed a petition for court ordered evaluation of Amanda. The petition alleged that Amanda was a danger to self, a danger to others, and persistently or acutely disabled. After Amanda's evaluation, her doctor filed a petition seeking compelled treatment. A hearing was set for May 21, 2014, and Amanda was detained at the Mohave County Adult Detention Facility pending the hearing.

¶3          Amanda was not present when the hearing commenced. Because Amanda's counsel did not speak to her before the hearing, he was unable to provide an explanation for her absence. As a result, Amanda's counsel requested an evidentiary hearing to determine whether, given Amanda's mental condition, her absence from the hearing was voluntary. The court granted the request and held a brief hearing regarding Amanda's failure to appear.

¶4          Larry Townsley, the mental health coordinator at the Mohave County Adult Detention Facility, testified that when the detention officers attempted to transport Amanda, she refused to come to court. Townsley noted that it is common for Amanda to refuse to appear at her pending criminal court proceedings.

¶5          At the conclusion of the evidentiary hearing, the trial court determined that Amanda had voluntarily waived her right to be present

and proceeded with the commitment hearing in Amanda's absence.[1] The court subsequently found that Amanda was persistently or acutely disabled, a danger to self and others, and was not willing to voluntarily comply with treatment. The court ordered Amanda to undergo combined inpatient and outpatient treatment for a period not to exceed 365 days. Amanda timely appealed.

## DISCUSSION

¶6    Amanda asserts that there was insufficient evidence showing that she knowingly and intelligently waived her right to attend the commitment hearing.

¶7    We review a trial court's factual findings regarding a patient's waiver of her attendance at a commitment hearing for an abuse of discretion. *In re MH 2006-000749*, 214 Ariz. 318, 325, ¶ 30, 152 P.3d 1201, 1208 (App. 2007).

¶8    Although a mental health patient has the right to be present at all hearings, she may waive her right to be present. Ariz. Rev. Stat. ("A.R.S.") § 36-539(B) (2014);[2] *MH 2006-000749*, 214 Ariz. at 322, ¶ 20, 152 P.3d at 1205. Given the purpose of commitment proceedings, which is to determine whether the patient suffers from a serious mental disorder rendering her "unwilling or incapable of accepting treatment," the trial court must "scrutinize carefully any contention that a mentally impaired person has waived" her right to be present. *MH 2006-000749*, 214 Ariz. at 323, ¶¶ 24–25, 152 P.3d at 1206. As a result, a patient's waiver "is not valid absent an express finding by the court that the patient has knowingly and intelligently waived her right to be present." *Id.,* 214 Ariz. at 324, ¶ 27, 152 P.3d at 1207.

¶9    "The finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact." *State v. Bishop*, 139 Ariz. 567, 569, 679 P.2d 1054, 1056 (1984) (quoting *Brewer v. Raines*, 670 F.2d 117, 120 (9th Cir. 1982)). In determining whether

---

[1]    When the court overruled defense counsel's objection, counsel moved for a continuance, which was denied. Amanda asserts the court's denial of the motion to continue was an abuse of discretion. However, because we remand on the waiver issue, we do not reach this issue on appeal.

[2]    We cite the current version of the applicable statutes, unless material revisions have since occurred.

a waiver is valid, the trial court must consider the nature and extent of a patient's mental disorder and its effect on the patient's ability to voluntarily and intelligently waive her right to be present. *MH 2006-000749,* 214 Ariz. at 325, ¶ 33, 152 P.3d at 1208. If the patient is not present to explain her decision, third parties, such as detention officers, may testify as to whether the patient understood the nature and significance of failing to attend the proceeding. *Id.*, at 324–25, ¶¶ 29–31, 152 P.3d at 1207–08.

¶10 Here, the trial court was presented with evidence that Amanda is suffering from a mental disorder that impairs her judgment, reason, behavior, and capacity to recognize reality. At the commitment hearing, one of the medical doctors testified that Amanda experiences audio and visual hallucinations. She also suffers from a psychotic disorder that impairs and disrupts her thought processes. The doctor testified that as a result of her mental illness, Amanda lacks the capacity to make intelligent, informed decisions about her condition and treatment. The doctor concluded that Amanda is persistently and acutely disabled, a danger to self, and a danger to others.

¶11 Roberta Gillaspie, a field training officer at the Mohave County Adult Detention Facility, testified that the detention officers observed Amanda engaging in disorganized and impulsive behaviors in the jail. Gillaspie testified that Amanda had a history of being combative with the detention officers and refusing to appear in court; at times, Amanda became so aggressive and violent towards the officers she had to be placed in shackles. The detention officers also observed Amanda laughing and talking to herself, and appearing to display multiple personalities.

¶12 There is no evidence in the record before us showing that the doctors or detention officers discussed with Amanda the nature of the commitment proceeding, or that she understood the significance of her failure to attend it. Accordingly, we conclude there was insufficient evidence to show that Amanda knowingly and intelligently waived her right to be present at the hearing.

**CONCLUSION**

¶**13**        For the foregoing reasons, we vacate the trial court's order compelling Amanda to undergo involuntary treatment and remand this matter to the trial court for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama