NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TIMOTHY WHITE, *Petitioner*.

No. 1 CA-CR 23-0475 PRPC

FILED 09-17-2024

Petition for Review from the Superior Court in Navajo County
No. S0900CR201900439
The Honorable Dale P. Nielson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Respondent*

Timothy White, Eloy
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

¶1    Timothy White ("White") petitions this court for review of the dismissal of his petition for post-conviction relief ("PCR"). We grant review but deny relief.

**FACTS AND PROCEDURAL HISTORY**

¶2    The State charged White with transportation of dangerous drugs for sale and possession of dangerous drugs for sale. At a hearing the week before trial was scheduled, the State made a plea offer of probation. But White failed to appear for the hearing.

¶3    White also failed to appear for trial. Defense counsel told the trial court, "[A] week ago yesterday we got a call from [White] asking if the trial was confirmed for today, we told him yes, and that's the last contact we've had with him." Counsel then described his multiple failed attempts to reach White. When the State moved to try the case in White's absence, defense counsel objected, in part, because "I haven't had a chance to communicate that offer to my client, which I would strongly recommend it." The trial court denied the objection and trial began.

¶4    White was tried and convicted by a jury *in absentia*. Later, at sentencing, defense counsel affirmed that White "did contact us and acknowledge[d] the trial date," but had "issues" traveling from out-of-state. White told the court he failed to appear for his prior court dates because of a lapse in his Social Security payments. The court sentenced White to eight years in prison.

¶5    On appeal, we affirmed White's conviction and sentence for transportation of dangerous drugs for sale but vacated the conviction and sentence for possession of dangerous drugs for sale, finding it violated double jeopardy. *State v. White*, 2022 WL 17348376 at *2 ¶¶ 8, 13 (Ariz. App. Dec. 1, 2022) (mem. decision).

¶6          White filed his PCR.  White argued he received ineffective assistance when trial counsel failed to communicate the plea offer to him and when counsel failed to give White actual notice of the trial date.  The trial court dismissed White's PCR.

¶7          White seeks review of that dismissal.  We grant review under A.R.S. § 13-4239(G).

## DISCUSSION

¶8          On review, White argues trial counsel was ineffective for failing to communicate the plea offer.  To prevail, White "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced [him]."  *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006).  We review the trial court's summary dismissal of a post-conviction relief proceeding for an abuse of discretion.  *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017).

¶9          White fails to show counsel's performance was deficient.  Counsel learned about the new plea offer the week before trial at a hearing White failed to attend.  During the week before trial, counsel attempted to contact White by phone and find him in person.  White then failed to appear at trial.  In his briefing to this court, White admits that "I could not communicate with [my counsel] directly [because] my telephone was off, but he could of mailed me my plea-agreement forms [and] stipulations at my mailing address on file."  Later at sentencing, White commented that "I don't want to do no probation, be put in no homes or anything, trying to make money off me saying stupid stuff."

¶10          "An out-of-custody defendant has the responsibility to remain in contact with his attorney and the court."  *State v. Bishop*, 139 Ariz. 567, 571 (1984).  By failing to remain in contact with defense counsel or the court, White lost the opportunity to learn about the new plea offer.  White has not established that counsel was aware the only way White could be contacted was by mail, and he has not established there was sufficient time prior to trial for the plea offer to be finalized through the mail.  Based on this record, trial counsel was not ineffective for failing to communicate a plea offer to a client who could not be reached and who, in any event, later expressed reluctance to the terms of the offer.

¶11          White also claims that counsel was ineffective for failing to raise a double jeopardy violation.  Because White raises this claim for the first time in his petition for review, it is waived.  *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).  In any event, this court previously vacated

White's conviction for possession of dangerous drugs for sale on double jeopardy grounds, thereby eliminating any prejudice White may have suffered due to trial counsel's failure to raise the issue. *See White*, 2022 WL 17348376 at *2 ¶¶ 8, 13.

## CONCLUSION

¶12      We grant review but deny relief.

