519 P.2d 73

The STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR MARICOPA COUNTY, the Honorable Williby Case, a Judge thereof, Respondents;

and

Joel Steven FISHER and Nancy Skomp, Real Parties in Interest.

No. I CA–CIV 2636.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 28, 1974.

Moise Berger, Maricopa County Atty. by Dennis W. Dairman, Deputy County Atty., Phoenix, for petitioner.

Murray Miller, P. C., Phoenix, by Murray Miller, Bruce Barton, Phoenix, for respondents real parties in interest.

## OPINION

OGG, Judge

This Petition for Special Action was brought by the State, requesting this Court to vacate certain pretrial orders entered after an omnibus hearing by the Respondent Superior Court Judge. Review by Special Action is appropriate. State ex rel. Corbin v. Superior Court, 103 Ariz. 465, 445 P.2d 441 (1968).

No Reporter's Transcript of the omnibus hearing was offered by either side, the trial was set for February 19, 1974—three judicial days after oral argument on the petition—and therefore this Court proceeded on the limited record presented to it.

The facts given are very brief. On November 11, 1973 the Respondents, Real Parties in Interest (hereinafter referred to as defendants), were arrested along with several juveniles for obstructing justice and disturbing the peace. Prior to and after her arrest the defendant Skomp, an attorney, voluntarily advised and instructed the juveniles not to speak with the officers with regard to the incident in question or otherwise incriminate themselves.

Sometime after the initial arrest, but prior to the November 13, 1973 complaint filed in Justice Court, it was decided that the defendants be charged with aggravated assault.

On November 30, 1973 a preliminary hearing was held but the Justice of the Peace did not find probable cause to bind the defendants over for trial. The matter was thereafter presented to the Maricopa County grand jury which returned an indictment on December 4, 1973 charging defendants with aggravated assault in violation of ARS §§ 13–241 and 13–245(A).

Pretrial discovery proceeded under the new rules of criminal procedure effective September 1, 1973. On January 10, 1974 defendants filed a "request for discovery," pursuant to Rule 15.1(a)(7), 17 A.R.S., requesting, among other things:

"All Phoenix Police Department records, including reports, complaints, departmental investigations and actions taken, and pre-employment records and testings by the Department with respect to the employment of: Robert A. Zimmerman . . . , Sergeant F. Malody . . . , William Medigovich . . . and Michael Anderson . . . " [Police Officers involved at the scene of the November 11, 1973 incident]

This same request was reurged by defendants in a "Motion to Compel Discovery" filed January 18, 1974 pursuant to Rule 15.1(e). At the omnibus hearing held on January 25, 1974 this request was argued to the Court and taken under advisement. (Rule 16.6) In addition, two other motions were argued by defendants.

First, defendants sought an order from the court pursuant to Rule 15.3(a)(2) compelling the taking of oral depositions of Sgts. O'Conner, Clulow and Stricklin, investigators with the Phoenix Police Internal Security Detail; Officer Garcia, the technician who took photographs relative to the incident; A. W. Olsen, an investigator with the Maricopa County Attorney's Office; and Phoenix Police Chief Lawrence Wetzel.

Second, defendant Skomp presented a motion in limine to prevent the State from questioning her or other witnesses as to comments made by defendant Skomp to other persons involved at the scene in relation to their right to remain silent.

On January 29, 1974 the Respondent Judge entered the following order:

1. "IT IS ORDERED that the State disclose to the Defendants any and all reports or complaints, departmental investigations and actions taken, if any, in connection with similar incidents involving Officers Zimmerman, Malody, Medigovich, and Anderson, and denying the motion as to the other items requested."

\*      \*      \*      \*      \*      \*

2. "IT IS ORDERED granting Defendants' motion to compel examination by Deposition of Chief of Police Lawrence Wetzel, Sgt. N. O'Conner, Sgt. Clulow, Sgt. Stricklin, A. W. Olsen and Officer Garcia . . . "

\*      \*      \*      \*      \*      \*

3. "Defendants' motion in limine to limit and direct the County Attorney not to inquire of the Defendant Skomp, should she take the stand or any other witnesses, concerning the Defendant's comments both at the site of the arrest and at the Police Station as to her advice to juveniles or other persons to remain silent is granted."

It is these orders which the State sought to have vacated by its petition filed February 5, 1974.

Oral argument on the matter was set for February 11, 1974. After the oral presentation this Court entered its preliminary order declining to take jurisdiction over the trial court's order compelling discovery and its order permitting examination by deposition except insofar as the order related to Chief Wetzel. The Court agreed to assume jurisdiction to review the order relating to Chief Wetzel and the granting of the motion in limine. These orders were vacated by an order of this Court on February 11, 1974 with the provision that this formal opinion would follow.

Under the holding of State ex rel. DeConcini v. Superior Court, 20 Ariz.App. 33, 509 P.2d 1070 (1973), this Court could find nothing in the limited record presented to it to support petitioner's claim that the trial court acted in excess of its jurisdiction or abused its discretion in entering the order listed as "1" above.

As to order "2" above, the facts presented to this Court show that Sergeants O'Conner, Clulow and Stricklin, Officer Garcia and Mr. Olsen all actively participated in the investigation of this case and at oral argument the parties agreed that some of these investigators were endorsed by the State as witnesses in the criminal case. We will not speculate as to the extent to which these persons' testimony was shown at the omnibus hearing to be material to the case or necessary to the defendants' preparation of their defense or investigation of the offense. Under these circumstances we cannot say the trial judge abused his discretion.

The motion to compel examination by deposition of Chief Wetzel was not equally supported. The State's avowal that Chief Wetzel had no personal knowledge of the events in this case and that he did not participate in its investigation was not contested by the defendants. In support of the motion to compel examination of Chief Wetzel, defendants asserted merely that "certain" reports were submitted to Chief Wetzel by Mr. Olsen and that this may have some bearing as to why defendants were officially charged with aggravated assault as opposed to obstructing justice, one of the charges under which they were originally arrested.

Rule 15.3(a)(2) requires some showing by the parties seeking discovery that the person's testimony to be deposed "is material to the case or necessary adequately to prepare a defense or investigate the offense." Thus the rule was not designed to permit a tour of investigation in wishful anticipation that helpful evidence will appear. We hold that the facts presented by defendants did not meet the requirements of the Rule as to Chief Wetzel.

Turning to the motion in limine, defendant Skomp argues that the statements requested to be suppressed are irrelevant to the charge of aggravated assault and even if relevant their probative value is outweighed by the prejudicial effect they would have on the jury.

We disagree with the defendant's position that the statement should be suppressed as a matter of law. When the ultimate issue to the jury may very well be the question of whether the officers or defendants were the aggressors, the manner and circumstances under which defendant Skomp uttered the words may have probative value in showing her state of mind and its effect on her co-defendant. The assertion that the statements should not be presented to the jury because of their possible prejudicial effect is a public policy argument attempted to be inferred by the holding in Griffin v. Calif., 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1969) that the state is prevented from commenting on a defendant's assertion of the Fifth Amendment privilege against self-incrimination. However, in Griffin and the cases following it, such as State v. Shing, 109 Ariz. 361, 509 P.2d 698 (1973), it is the inference of guilt which may be painted by the prosecutor in commenting on the defendant's silence which is prohibited. Here the defendant's statements are sought to be introduced for their probative value and not as a comment on the defendant's silence. Thus the analogy must fail.

Petitioner's request for relief is granted in part as ordered by this Court on February 11, 1974 and denied in part in accordance with this opinion.

JACOBSON, Chief Judge, Division 1 and EUBANK, J., concur.