538 P.2d 416
**The STATE of Arizona, Appellee,**
v.
**Clayton Owen NICHOLS, Appellant.**
**No. 2 CA–CR 594.**

Court of Appeals of Arizona,
Division 2.
Aug. 6, 1975.

Bruce E. Babbitt, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Schroeder, Soelter & Rosenthal, P. C. by Larry S. Rosenthal, Tucson, for appellant.

Before HOWARD, C. J., and KRUCKER and HATHAWAY, JJ.

## OPINION

PER CURIAM.

Appellant was indicted for armed robbery, armed burglary, kidnapping, and grand theft. Pursuant to a plea agreement, he pled guilty to the first two charges and the kidnapping and grand theft charges were dismissed. He was sentenced to a term of not less than five nor more than eight years on each charge, the sentences to run concurrently. Appellant now claims that (1) his sentences were excessive under the circumstances and (2) the court erred in refusing to allow him to cross-examine the probation officer at a modification hearing. Although we find no basis for reversal, we deem it appropriate to dispose of appellant's contentions by opinion in order to correct an apparent misconception on the part of the trial bench.

■ We find no merit in appellant's attack on the length of his sentences and defer to the sentencing court's assessment of the situation, giving due consideration to the objectives of retribution, restraint, deterrence and rehabilitation.

■ At the time of sentencing, no objection was made to proceeding with the hearing and we presume that pursuant to Rule 26.6, all reports pertaining to appellant were disclosed to counsel. If there was information in the presentence report which was erroneous, counsel could have availed himself of the provisions of Rule 26.7, to rebut such information. Having failed to do so and having indicated that he was ready to proceed with sentencing, he thereby waived any objection to the presentence report. Crowder v. State,

Okl.Cr., 518 P.2d 890 (1974); Newsom v. State, Alaska, 512 P.2d 557 (1973).

Subsequently, at a modification hearing, defense counsel attempted to prove that a statement attributed to appellant in the presentence report was erroneous. According to the probation officer, appellant told him that he knew the shotgun involved was loaded and that he would have used it had the circumstances required it. At the modification hearing, defendant counsel wanted to cross-examine the probation officer concerning the statement but the court refused the request indicating a policy of the superior court judges that the probation officer could not be examined as to his presentence report. We do not agree with such "policy" since Rule 26.-7(c), Rules of Criminal Procedure,[1] specifically provides for the attendance of the probation officer who prepared the presentence report. As pointed out in the comment to Rule 26.7, the scope of the hearing includes the opportunity to challenge or clarify any report prepared pursuant to the Rules. To permit disclosure of the presentence report and then preclude counsel from cross-examining the preparer of the report for policy reasons, is contrary to the very spirit of the new Rules of Criminal Procedure.

The probation officer was present at the modification hearing. Even if the lower court should have permitted counsel to cross-examine him, despite the untimeliness of counsel's attempt to challenge his report, we find no basis for reversal. Whether appellant made the statement concerning the shotgun, or whether, as contended by him, his accomplice did, would make no difference.

For the foregoing reasons, the sentences are affirmed.

1. This rule follows the recommendation of the American Bar Association standards relating to sentencing alternatives and procedures. Sec. 4.5(b) (Approved draft 1968).