464

561 P.2d 1236

The STATE of Arizona, Appellee,

v.

Mary ANNIS, aka Mary Kennedy,
Appellant.

No. 2 CA–CR 864.

Court of Appeals of Arizona,
Division 2.

Nov. 22, 1976.

Rehearing Denied Dec. 30, 1976.

Review Denied Jan. 25, 1977.

Bruce E. Babbitt, Atty. Gen. by Heather Sigworth, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant entered a plea of guilty to a charge of involuntary manslaughter and was sentenced to serve not less than nine nor more than ten years in the Arizona State Prison. A motion for modification of sentence was denied by the trial court and this appeal followed. Two points are raised, neither one of which mandates reversal.

Appellant was a housekeeper and attendant for a Mary Bowers who died after having been restrained to her bed by appellant. Appellant was originally charged with first-degree murder, aggravated battery and two counts of false imprisonment.

Appellant's first argument is that the trial court committed reversible error in denying appellant the opportunity to fully explore and cross-examine the adult probation officer concerning involvement with the Fraternal Order of Police. Appellant's contention is that the probation officer who prepared the presentence report, in collaboration with the prosecutor, attempted to insure that appellant was sentenced to the maximum number of years permitted under the involuntary manslaughter sentencing provision, since both seemed to believe that appellant was guilty of first-degree murder rather than the charge to which she pled guilty. Appellant cites cases for the proposition that it is error to restrict cross-examination of a defendant or of a witness where counsel is attempting to show bias, interest or hostility. *State v. Hanley,* 108 Ariz. 144, 493 P.2d 1201 (1972), and *State v. Holden* 88 Ariz. 43, 352 P.2d 705 (1960). Appellant also cites *State v. Nichols,* 24 Ariz.App. 329, 538 P.2d 416 (1975) in which the court said:

"To permit disclosure of the presentence report and then preclude counsel from cross-examining the preparer of the report for policy reasons, is contrary to the very spirit of the new Rules of Criminal Procedure." 24 Ariz.App. at 330, 538 P.2d at 417.

We said in *Nichols* that we don't agree with the then-prevalent policy of not allowing counsel to examine the probation officer regarding his presentence report. However, as pointed out in the comment to Rule 26.7, the scope of the hearing includes the opportunity to challenge or clarify any report prepared pursuant to the rules. The hearing was held in the instant case, at which time appellant's counsel had the opportunity to show the inaccuracy or the alleged bias of the preparer. No attack was made on the accuracy of the report. As for the bias, we fail to see how the attempted inquiry into the beliefs of an organization such as the Fraternal Order of Police influenced in any way the presentence report. Defense counsel made an avowal to the court that the organization is identified with law enforcement and "may" be in favor of mandatory sentences and "may" be lobbying for harsh sentences. He did not avow to the court that the particular probation officer subscribed to those ideals of the organization if, indeed, those are the goals of the Fraternal Order of Police. Without any showing of prejudice to the appellant, we see no error in excluding the line of questioning. In fact, the author of the presentence report made al-

ternate recommendations, leaving it up to the court to decide for itself if the offenses were aggravated or not. Alternate recommendations were made depending upon the trial court's resolution of the interpretation of the evidence. We have read the full report as well as the transcripts of the hearings, and can see no reason to doubt the accuracy of the report nor do we see any evidence of such alleged "conspiracy" between the prosecutor and the preparer of the report.

Appellant's "conspiracy" argument is that the prosecutor, in an indirect manner, managed to recommend the maximum penalty, informing the author of the presentence report that the crime seemed to be one of first-degree murder rather than involuntary manslaughter. Appellant cites the American Bar Association's Standards Relating to the Prosecution Function, Sec. 6.1(b), which states:

> "Where sentence is fixed by the judge without jury participation, the prosecutor ordinarily should not make any specific recommendation as to the appropriate sentence, unless his recommendation is requested by the court or he has agreed to make a recommendation as a result of plea discussions."

First, these standards are not binding on us as they are just recommendations of the association. Second, even following the language of the standard, the situation before us is not one where the prosecutor has made a specific recommendation as to the appropriate sentence, and we do not see the applicability of the standard. Fundamental fairness was accorded appellant and the prosecutor did not make any specific recommendation as to the length of time of incarceration. The probation officer made alternate recommendations as to punishment, thereby quelling any possibility of a "conspiracy" between him and the prosecutor.

The last point raised is that the sentence was excessive. We see absolutely no merit in such contention since the time imposed was within the statutory limits. In addition, the circumstances surrounding the death of Mrs. Bowers as brought out in the transcript of the preliminary hearing justify the sentence imposed. Reports of numerous beatings by appellant on the person of Mrs. Bowers, mistreatment in regard to locking up Mrs. Bowers in her home, not feeding Mrs. Bowers, and the various circumstances surrounding the death of Mrs. Bowers, justify the trial court in imposing the sentence. Since the realm of sentencing is peculiarly that of the trial court, we do not interfere in the absence of a clear abuse of discretion. We see no such abuse and we therefore affirm.

Affirmed.

KRUCKER and HATHAWAY, JJ., concurring.