564

570 P.2d 506

The STATE of Arizona, Appellee,

v.

Joseph Bruce MAXWELL, Appellant.

No. 2 CA–CR 884.

Court of Appeals of Arizona,
Division 2.

March 25, 1977.

Rehearing Denied July 29, 1977.

Review Denied Sept. 20, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Darwin J. Nelson, Asst. Public Defender, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Pursuant to a plea agreement, appellant pled guilty to two counts of child molestation and admitted an allegation of a prior burglary conviction. He was sentenced to two concurrent terms in the Arizona State Prison of 10 to 30 years. On appeal, he contends the trial court erroneously found him competent to plead guilty and he asserts a two-pronged challenge to his sentence.

On the question of his competency, appellant contends that the two mental experts who examined him should have been required to testify. The argument is premised upon 17 A.R.S., Rules of Criminal Procedure, Rule 11.3(a), which provides:

"Grounds for Appointment. If the court determines that reasonable grounds for an examination exist, it shall appoint at least two mental health experts, at least one of whom must be a medical doctor, to examine defendant *and to testify* regarding his mental condition." (Emphasis added)

Appellant contends that the testimony of both mental experts is required at the hearing unless dispensed with by written stipulation. For this position, he relies upon 17 A.R.S., Rules of Criminal Procedure, Rule 11.5(a), which provides:

"a. Hearing. When the examinations have been completed, the court shall hold a hearing to determine the defendant's competency. The parties may introduce other evidence regarding the defendant's mental condition, *or by written stipulation, submit the matter on the experts' reports.*"

At the Rule 11 hearing on September 15, 1975, appellant's expert, Dr. Hoogerbeets, testified in response to a question from appellant's attorney:

"Q. Dr., in view of the court's concern, do you have a conclusion as to what Mr. Maxwell's competency is at this point in time?

A. At the time of my evaluation on July 23, I felt he was competent to stand trial. He understood the nature and quality of the charges against him and I felt he was able to assist you in preparation of his defense."

Dr. Beigel, the other expert, was not present at the hearing, but submitted a written report. The court read the reports of both experts. When defense counsel was denied further psychiatric testing for the defendant, objection was made to Dr. Beigel's absence from the hearing. Counsel argued that pursuant to Rule 11.4, reports of the experts were to be made available "to all parties" and be considered by the court only by written stipulation.

After the guilty plea was entered, another psychiatric evaluation pursuant to Rule 11 was conducted. Again Drs. Hoogerbeets and Beigel examined appellant and counsel stipulated that the matter be submitted on the doctors' reports which were in agreement that appellant was competent. The reports reiterated the prior conclusion of competency, noting a deterioration in appellant's condition but nevertheless finding him competent. Had counsel entertained doubts of appellant's competency prior to or at the time of entry of the guilty plea, a request could have been made under 17 A.R.S., Rule 17.5, to withdraw the plea. This was not done, and we can only assume that appellant and his counsel were satisfied to proceed under the plea previously entered.

At the May 4, 1976 hearing held at appellant's request prior to sentencing, counsel's request to call as a witness the probation officer who prepared the presentence report was denied. As we pointed out in *State v. Nichols*, 24 Ariz.App. 329, 538 P.2d 416 (1975):

"To permit disclosure of the presentence report and then preclude counsel from cross-examining the preparer of the report for policy reasons, is contrary to the very spirit of the new Rules of Criminal Procedure."

Upon denial of his request, counsel requested that he be allowed to make an offer of proof at a later time. The record indicates that sentencing was concluded on May 4, and the offer of proof was made 23 days later on May 27, after the notice of appeal was filed in this case. Whatever value could have been expected in affording guidance to the trial court through this after-the-fact offer, escapes us. Counsel states in his opening brief that at the pre-hearing conference held in chambers and not reported, the court was informed of counsel's intent to call the adult probation officer "to clarify the report and the judge informed defense counsel he would not be allowed to testify." Since the conference was not reported, we cannot speculate as to its nature or content. Appellant does not have a fundamental right to cross-examine a probation officer. *Williams v. People of State of New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), re-affirmed in *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). Therefore, in order to reverse for failure to allow the cross-examination, appellant must show that the question was properly preserved for appeal and that the refusal was prejudicial.

Appellant has not shown that information contained in the presentence report was false, nor has he shown other prejudice. His complaint that the probation officer did not contact suggested persons shows no prejudice since he could and did through counsel avail himself of evidence considered beneficial. His general complaint that the probation officer was inexperienced and prejudiced against him is unpersuasive. No specific defect is pointed out in the presentence report. The summary and recommendation suggested alternatives less severe than those chosen by the trial court. We therefore see no prejudice.

Appellant's contention that the trial court abused its discretion by imposing an excessive sentence and by not ordering psychiatric treatment is without merit. The court recommended transfer to the state prison of the State of Minnesota for treatment in the ALPHA program. Appellant's sentences are within the statutory limits. Purposes sought to be achieved in sentencing a sex offender are: retribution, deterrence, restraint and rehabilitation. *State v. Howland*, 103 Ariz. 250, 439 P.2d 821 (1968). Restraint and retribution have been primary goals in dealing with child molesters in Arizona. *Howland*, supra; *State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973); *State v. Phillips*, 102 Ariz. 377, 430 P.2d 139 (1967).

In view of appellant's previous offenses and the unsuccessful attempts at treatment, we find no abuse of discretion in the sentences imposed.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.