570 P.2d 1265

The STATE of Arizona, Appellee,

v.

Raul GREEN and George Green, Jose Luis Fregoso Jaime, and Joseph Edward Ryan, Appellants.

Nos. 2 CA–CR 919, 2 CA–CR 924 and 2 CA–CR 925.

Court of Appeals of Arizona, Division 2.

Feb. 16, 1977.

Rehearing Denied March 30, 1977.

Review Granted May 3, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Georgia B. Ellexson and

Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Anthony J. Abruzzo, Tucson, for appellants Green.

Edwin J. Valant, Tucson, for appellant Jaime.

Davis, Eppstein, Tretschok & Ford by Philip Hall, Tucson, for appellant Ryan.

## OPINION

HOWARD, Chief Judge.

Appellants were each convicted by a jury of one count of possession of marijuana for sale and conspiring to transport marijuana.

The facts show that on February 23, 1976, law enforcement officers had under surveillance a duplex at 3951 East Fairmont, Tucson, Arizona. At 1:10 p.m. they saw a white pick-up truck with camper arrive at the duplex. It was driven by appellant Ryan who exited the vehicle, walked behind it and then entered the duplex through a sliding glass door in the back. Three or four minutes later he came out, got into the camper shell and began pounding and hammering inside for about 15 minutes. In the meantime, Alvarez Orozco, a co-defendant at trial, arrived at approximately 1:17 p.m. He went to the back of the camper, opened the door and appeared to say something to Mr. Ryan. Orozco then went into the residence. A few minutes later Orozco and appellant Jaime came out of the residence, went to the rear of the camper and appeared to be watching what Ryan was doing inside the camper. Appellants Raul and George Green arrived shortly thereafter. They approached the others and then all went inside the house.

Five minutes later they all came out. Jaime was carrying a cardboard box. Ryan got into the camper and Jaime slid the box inside. Orozco and Jaime then went back inside the residence. Raul Green stayed at the back of the camper and George Green was in the patio walking back and forth. Orozco and Jaime exited the residence again carrying boxes containing brick-like objects in blue paper. They walked by George Green, went to the camper and put the boxes inside. Jaime climbed in the camper and closed the door. Orozco and Raul Green stayed at the rear of the camper and George remained in the patio near the sliding glass door, walking back and forth. The camper door then opened, empty boxes were taken out of the camper, and Ryan and Jaime exited the camper. Raul Green looked inside and said something to Jaime and Ryan and then the door of the camper was closed. In a few minutes, Raul and George Green departed. After Orozco and Ryan also left the premises, the law enforcement officers secured a search warrant for the residence. They knocked on the door and when there was no answer, they went inside and found Jaime hiding in a closet in the hallway. In the northwest bedroom they found 64 bricks of marijuana and a set of scales. A search of the camper revealed 91 bricks of marijuana located in a false ceiling in the camper.

The Greens were stopped by law enforcement officers a short time after they had departed the premises and a search of their persons disclosed that Raul Green had $911 on his person and George Green had $790. Other facts necessary for the disposition of this case will be set forth as we discuss the questions presented for review.

■ Appellants contend that their conviction of both conspiracy to transport marijuana and possession of marijuana for sale violates the double punishment prohibition of A.R.S. § 13–1641. In Arizona the test to be applied to determine whether A.R.S. § 13–1641 has been violated is contained in *State v. Mitchell*, 106 Ariz. 492, 478 P.2d 517 (1970):

> "The practical test is to eliminate the elements in one charge and determine whether the facts left would support the other charge." 106 Ariz. at 495, 478 P.2d at 520.

We have applied the foregoing test in a conspiracy case involving narcotics. *State v. Celaya*, 27 Ariz.App. 564, 556 P.2d 1167 (1976). In *Celaya*, there were sufficient facts over and above those supporting the substantive offense to justify conviction and sentencing on both the conspiracy charge and the substantive offense. That is not true here. In order to convict appel-

lants of possession of marijuana for sale, the state had to show that they were either in possession of the heroin or were aiding and abetting its possession. If we eliminate the facts which occurred at the duplex, which were necessary to support the possession charge, we have nothing left to support a conspiracy charge which requires an agreement to commit a crime coupled with an overt act. *State v. Celaya,* supra. Without the inclusion of what occurred at the duplex, we not only have no overt acts, but we do not even have circumstances and conduct which show the existence of a conspiracy. Similarly, if the facts necessary to support a conviction of conspiracy are eliminated to-wit, the action of the individuals at the duplex prior to and during the loading, there are no facts remaining upon which to base a possession conviction. We therefore conclude that the conspiracy convictions and sentences cannot stand. *State v. George,* 108 Ariz. 5, 491 P.2d 838 (1971).

■ Appellants Green contend there was insufficient evidence to convict them of the crime of possession of marijuana for sale. We agree as far as George Green is concerned. The evidence discloses that he arrived with his brother and went with him to converse with the other appellants. This took place forty feet from the camper. He then went inside the house with the others and came out with them when appellant Jamie was carrying the cardboard box which evidently contained marijuana. From that time on George Green remained in the patio until he departed with his brother. The state contends that a jury could infer that George Green was acting as a lookout. However, there is no evidence to support this inference. At most, the evidence shows that George Green was present, but does not show his participation in aiding and abetting the transportation or the possession of marijuana for sale. The fact that he may have known what was happening does not make him guilty of the crime. *State v. Miramon,* 27 Ariz.App. 451, 555 P.2d 1139 (1976). However, as to Raul Green, the evidence is sufficient. The evi-

dence supports a reasonable inference that he knew that the marijuana was going to be loaded and that he was supervising its loading and concealment inside the camper.

■ When the Greens were arrested shortly after they had departed from the duplex, they were searched. The sum of $911 cash was taken from Raul Green and $790 cash was taken from George Green. Since both Greens were in need of the funds, their attorney stipulated with the state that the money could be released to them and appellants Green stipulated, for the purposes of trial, that the sums of money were found in their possession at the time of their arrest.[1] Subsequently new counsel was appointed for the Greens and he had a motion in limine to preclude the state from introducing any evidence as to the money at trial. Because of the stipulations, the trial court refused to grant the motion in limine. At trial, over their objection, the court allowed a law enforcement officer to testify concerning the currency found on the Greens at the time of their arrest. They claim that their rights under the Fifth Amendment to the United States Constitution were violated because the effect of the stipulation would be to compel them to testify in order to explain a matter that had no relevant probative value to the crime charged. This contention is without merit. There was no more compulsion on their part to testify to explain this evidence than any of the other evidence presented by the state in its case in chief.

■ Appellant Raul Green complains that the court erred in allowing into evidence a stipulation by co-defendant Joseph Ryan that he was an employee of Los Amigos. Counsel for the Greens objected to the introduction of the stipulation on the grounds that it was a self-serving statement to the detriment of his clients. We find this objection insufficient. Presumably, all evidence and testimony offered by a litigant is self-serving. Furthermore, our examination of the record shows that there already was sufficient evidence admitted

1. Only one written stipulation, that of George Green, is found in the record but it appears that each one executed a written stipulation.

prior to the admission of the stipulation from which the jury could infer that Raul Green was Ryan's employer. In particular, we refer to Pedro Madrid's testimony that Raul Green was a co-owner of Los Amigos # 3 and the testimony of the law enforcement officers that they saw appellant Ryan working at Los Amigos # 3.

Pursuant to Rule 26.7, Rules of Criminal Procedure, the state requested a presentence hearing. Robert Benson, a special agent with the Drug Enforcement Administration of the United States, testified that he had investigated matters involving conspiracies and substantive cases concerning narcotics and in such investigations he had come across the name of Raul Green. He stated that there was a pending grand jury investigation implicating Mr. Green and that two confidential informants, whose names he would not disclose, had testified in the grand jury proceedings. Their testimony was that from 1974 to the time of their arrest, they had been dealing with Raul Green and had received, in the form of shipments contained inside campers approximately 29,335 pounds of marijuana for which they had paid approximately $1,305,175. Mr. Benson also related information he had received on Raul Green from two other unnamed informers.

 Appellant Raul Green argues that the admission of this testimony violated his right to cross-examine and confront witnesses under the Sixth and Fourteenth Amendments to the United States Constitution. He claims that as a result of allowing this testimony he was given a more severe sentence than if the information had been excluded. We do not agree. The constitutional rights which appellant Raul Green claims were violated did not apply at an aggravation hearing. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). This does not mean, however, that a sentencing judge can consider testimony as to other alleged criminal conduct which is based on unreliable hearsay testimony. *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971). Here the most damaging testimony came from informants who gave their testimony under oath before an investigative grand jury. That it was

sworn testimony lends reliability. The fact that the recorded testimony before the grand jury was not submitted to the sentencing court rather than Benson's recitation of the testimony does not destroy its admissibility in a pre-sentence hearing.

The convictions and sentences of all the appellants on the crime of conspiracy are hereby vacated and set aside and the charges of conspiracy are dismissed. As to appellant George Green, his conviction of the crime of possession of marijuana for sale and the sentence imposed are hereby vacated and set aside. In all other respects the judgments and sentences are affirmed.

HATHAWAY and RICHMOND, JJ., concur.