574 P.2d 489
**STATE of Arizona, Appellee,**

v.

**Adan ARANDA, Appellant.**

**No. 1 CA–CR 2560.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 19, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., for appellee.

Derickson, Kemper & Henze by James Hamilton Kemper, Phoenix, for appellant.

## OPINION

EUBANK, Presiding Judge.

Following the execution of a written plea agreement, appellant pled guilty to the crime of possession of marijuana for sale, and was sentenced to a term of nine to ten years in the state prison. He appeals from the judgment and sentence.

On appeal he contends that the trial judge erred in taking his guilty plea without advising him that he was waiving his right to the presumption of innocence which he would have if he chose to go to trial on the issue of his guilt. He argues that such advice is required by Rule 17.2(c), Rules of Criminal Procedure, 17 A.R.S., which reads in part:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following: . . . The constitutional rights which he foregoes by pleading guilty . . . .

Appellant states that although the rule does not specify which constitutional rights must be reviewed with a defendant, the *Comment* to the rule refers to Form XIX, the *Guilty Plea Proceeding* checklist form. This checklist requires the trial judge to ascertain that the defendant understands the "following constitutional rights," which he gives up by pleading guilty. Subsection 3(e) describes the defendant's "right to remain silent and to be presumed innocent until proven guilty beyond a reasonable doubt." The record shows that the trial judge did advise appellant that he was waiving his right to remain silent, but did not advise him of the presumption of innocence.

It is our opinion that no error was committed by the trial judge in not advising the appellant of the presumption of innocence. First, appellant cities no authority other than Form XIX which requires a court to advise a defendant of his presumption of innocence. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not require it; Form XVIII, the *Plea Agreement* form, does not specify the presumption of innocence as a constitutional right to be waived by writing; neither our state constitution nor the United States Constitution designates it specifically as a right of a citizen charged with a crime; the *Bench Book for Trial Judges*, The Criminal Trial, Section II(D), p. 80, involving change of plea procedure, issued by our Supreme Court on April 28, 1977, does not require·it; and finally, the A.B.A. Minimum Standards, Pleas of Guilty, § 1.4 (1968) does not require it.

Second, in Arizona the presumption is a statutory, rather than a constitutional, right. A.R.S. § 13–162(A) reads as follows:

A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to be acquitted.

This statutory right obviously relates to the situation where a defendant pleads "not guilty" and requires the State to prove that he committed the crime charged beyond a reasonable doubt. It deals with the burden of proof that is imposed on the State in any criminal trial. If a defendant pleads "not guilty" and the issue goes to trial with a jury, the trial court is required to instruct the jury that "the law does not require a defendant to prove his innocence. He is presumed by law to be innocent. This means the State must prove all of its case against the defendant. The State must prove the defendant guilty beyond a reasonable doubt." RAJI Criminal Std. 6. Where, as in the case *sub judice*, the appellant pleads guilty, there is no necessity for the court to advise the defendant of the presumption since it relates only to the State's burden of proving the fact in issue, and becomes applicable only if there is a trial. This is what Justice Udall had reference to in *State v. Childress*, 78 Ariz. 1, 7, 274 P.2d 333, 337 (1954), where he said "The presumption of innocence always gives way in the face of facts to the contrary proved beyond a reasonable doubt, else there could never be a conviction for crime."

Third, the Supreme Court Order of April 17, 1973, which adopted "The 1973 Rules of Criminal Procedure" did not mention the Forms at all. *See* 17 A.R.S. p. xxx (1973). By comparison, the Supreme Court order of September 14, 1976, "PROMULGATING RULE 37, RULES OF CRIMINAL PROCEDURE AND FORM XXVII" specifically adopted the form. *See* 113 Ariz. XCV. The Rules and Form XXVII were promul-

gated pursuant to the authority of Article 6, Section 5, Subsection 5 of the Arizona Constitution, 1 A.R.S. Since the Forms are not the Rules and were not specifically adopted in the creative Court Order, we believe that Form XIX does not have the status of a Rule, but is advisory only, serving to illustrate proper compliance with the rules. In such a role, the Forms do not set the constitutional requirements for taking a guilty plea.

Finally, we believe that our holding is consistent with Rule 1.2, Rules of Criminal Procedure, which states:

> These rules are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare.

In addition, it is consistent with Article 6, Section 27 of our Arizona Constitution, which provides that "No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

Our review of the record shows full compliance with Rule 17.2, Rules of Criminal Procedure, 17 A.R.S. by the trial judge. The judgment and sentence are affirmed.

JACOBSON and WREN, JJ., concurring.