626 P.2d 141

**STATE of Arizona, Appellee,**

v.

**Eldon Everett SCHOONOVER, Appellant.**

**No. 1 CA–CR 4688.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 29, 1981.

Rehearing Denied March 11, 1981.

Review Denied March 31, 1981.

**412**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

O'CONNOR, Judge.

Pursuant to the terms of a written plea agreement, Eldon Everett Schoonover pled guilty to a charge of sexual assault, a class 2 felony, in violation of A.R.S. §§ 13–1401, 13–1406, 13–701, 13–702, and 13–801.[1] The offense was based on conduct occurring with Schoonover's fifteen-year-old daughter. Following entry of judgment of guilt, he was sentenced to the presumptive term of seven years imprisonment. We have jurisdiction of his appeal from the judgment of conviction and sentence. A.R.S. §§ 13–4031, 13–4033.

Appellant first contends that the trial court erred in denying his motion to depose certain witnesses who had refused to speak with him or his attorney prior to the sentencing hearing. The State vigorously argues that the discovery provisions of rule 15.3, Rules of Criminal Procedure, authorize only *pretrial* depositions, and not depositions prior to the sentencing hearing. While we disagree with the State's contention, we find no violation of appellant's right to discovery in this situation.

During the preparation of the presentence report in the case, appellant's wife, the mother of the victim, gave many statements to the adult probation department officer which can only be described as damaging to appellant's chances for probation. Basically, she stated that both she and her children had been living in fear of their lives from the defendant, because he had a "quick temper" and had both physically and verbally abused them for many years. She expressed great fear for herself and her children in the event that appellant would be granted probation. She requested maximum incarceration for appellant.

Prior to the sentencing hearing, but after entry of appellant's plea, his attorney filed a "Motion for Oral Deposition," seeking a court order to allow him to take the deposition of both appellant's wife and his oldest daughter, a sister of the victim. The motion contained the following allegations:

Counsel avowals [*sic*] that the above witnesses are material to counsel's preparation for defendant's presentencing hearing in that [appellant's wife] has personally written the Court[2] and the Maricopa County Adult Probation Office and in doing so has made many representations that the defense contends are untruthfully stated and misleading to the Court. Further that the [sister of victim] is the oldest daughter of the defendant

---

1. References are the statutory designations under the new Arizona Criminal Code, effective October 1, 1978.

2. Any letters from appellant's wife to the trial court have not been included in the record before us on appeal, and therefore have not been considered in our disposition.

and has lived in the same household with the defendant and [appellant's wife] and can impeach the many misrepresentations made by [appellant's wife].

Counsel further avowals [*sic*] that [victim's sister] was not a witness at defendant's preliminary hearing and that [appellant's wife] testified at the preliminary hearing only for the limited purpose of establishing the legal competency of another daughter and victim in this matter. Counsel further avowals [*sic*] by attached affidavit that *neither witness will cooperate in granting a personal interview.*

The State filed a response to the motion, contending that the criminal rules allowing for oral deposition applied only to *pretrial* proceedings, and were not applicable to preparation for a sentencing hearing. The trial court denied the motion of the defense by a minute entry, without comment.

Rule 15.1, Arizona Rules of Criminal Procedure, provides in part as follows:

\* \* \* \* \* \*

e. Disclosure by Order of the Court. Upon motion of the defendant showing that he has substantial need in the preparation of his case for additional material or information not otherwise covered by Rule 15.1, and that he is unable without undue hardship to obtain the substantial equivalent by other means, the court in its discretion may order any person to make it available to him. The court may, upon the request of any person affected by the order, vacate or modify the order if compliance would be unreasonable or oppressive.

Rule 15.3, Arizona Rules of Criminal Procedure, provides:

a. Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

\* \* \* \* \* \*

(2) A party shows that the person's testimony is *material to the case* or necessary adequately to prepare a defense or

investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview; ... [emphasis added]

\* \* \* \* \* \*

Rule 26.8, Arizona Rules of Criminal Procedure, provides:

a. Notice of Objections. Prior to the day of the pre-sentencing hearing, each party shall notify the court and all other parties of any objection it has to the contents of any report....

b. Special Duty of the Prosecutor. The prosecutor shall disclose any information in his possession or control, not already disclosed, which would tend to reduce the punishment to be imposed.

### Comment

This rule extends the policy of discovery of Rule 15 to the pre-sentencing hearing.

We believe that these rules and comments thereto, when read in conjunction, indicate that the discretion granted to the trial court under rule 15.3 to order depositions of witnesses should, in appropriate cases, be exercised to grant discovery for a criminal defendant prior to the sentencing hearing, as well as prior to the trial.

In *State v. Green*, 117 Ariz. 92, 570 P.2d 1265 (App.1977), *modified in part* 116 Ariz. 587, 570 P.2d 755 (1977), it was recognized that the right to confront and cross-examine trial witnesses granted by the sixth and fourteenth amendments to the United States Constitution do not apply at a sentencing hearing, and that reliable hearsay may be properly considered. *See Williams v. People of State of New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In *State v. Maxwell*, 116 Ariz. 564, 570 P.2d 506 (App.1977), it was held that a defendant has no fundamental right to cross-examine a probation officer who prepared the presentence report. Therefore, in order to secure a reversal for failure to allow such cross-examination, an appellant must show that the question was preserved for appeal and that the refusal to allow such cross-ex-

amination was prejudicial. *See also State v. Nichols*, 24 Ariz.App. 329, 538 P.2d 416 (1975). Finally, in *State v. Donahoe*, 118 Ariz. 37, 574 P.2d 830 (App.1977), it was held that the right to discovery may attach to a sentencing hearing. While following the general rule that the rights of confrontation and cross-examination generally do not apply to a sentencing hearing, the court in *Donahoe* distinguished situations where the State actually calls a witness to testify at the sentencing hearing. Under such circumstances the right to cross-examination exists and it may not be unduly restricted. Also, the court indicated the defense had a right to discover the written report of a police witness at the sentencing hearing to guarantee effective cross-examination. The court noted that while the trial judge need not follow strict rules of evidence at sentencing hearings, "such hearings must be conducted consistent with basic concepts of fairness, justice and impartiality." *Id.* at 46, 574 P.2d at 839.

Although the defendant may require some presentence discovery, it has also been held in *State ex rel. Berger v. Superior Court in and for Maricopa County*, 21 Ariz. App. 320, 519 P.2d 73 (1974), that:

Rule 15.3(a)(2) requires some showing by the parties seeking discovery that the person's testimony to be deposed "is material to the case or necessary adequately to prepare a defense or investigate the offense." Thus the rule was not designed to permit a tour of investigation in wishful anticipation that helpful evidence will appear.

*Id.* at 323, 519 P.2d at 76.

■ The ordering of depositions under rule 15.3 is discretionary with the trial court. *State v. Moncayo*, 115 Ariz. 274, 564 P.2d 1241 (1977). We do not find that the trial court abused its discretion in this case. The appellant's "Motion for Oral Deposition" merely contended that the defense disagreed with statements made by appellant's wife and that one of appellant's daughters could impeach those statements made by the wife. It did not show the basis for that disagreement nor any ways in

which an oral deposition would clarify it. The two witnesses in question did not testify at the sentencing hearing for the State, nor did appellant choose to call them to testify under oath. Rule 26.7(b), Arizona Rules of Criminal Procedure, provides as follows:

Nature, Time and Purpose of the Pre-Sentencing Hearing. A pre-sentencing hearing shall not be held until the parties have had an opportunity to examine any reports prepared under Rules 26.4 and 26.5. At the hearing any party may introduce any reliable, relevant evidence, including hearsay, in order to show aggravating or mitigating circumstances, to show why sentence should not be imposed, or to correct or amplify the presentence, diagnostic or mental health reports, the hearing shall be held in open court and a verbatim record of the proceedings made.

The appellant took advantage of this procedure, calling several witnesses who testified to his prior good character and conduct as a family man. This testimony as to appellant's good relationship with his family was used to rebut the hearsay from his family found in the presentence report.

Finally, we note that appellant, who had committed a serious offense against his own daughter, and who had a prior felony conviction and several misdemeanor convictions, was sentenced to the presumptive term. The appellant has not indicated how he was prejudiced by the denial of the right to depose his wife and daughter. He has not even identified particular statements of his wife which he believed could be impeached. Therefore, even if the trial court had erred in denying the taking of a deposition, it would be difficult to find that appellant has suffered prejudice. We find no error.

Appellant's second and final contention is that the trial court erred in failing to advise him of the "constitutional rights" which he waived by pleading guilty, as required by rule 17.2(c). He points specifically to the fact that he was not orally advised that he was giving up the right to have the State

secure a unanimous jury verdict of guilt and the right to have the prosecution prove him guilty beyond a reasonable doubt.

Rule 17.2, Arizona Rules of Criminal Procedure, provides as follows:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \* \* \* \*

c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel;

\* \* \* \* \* \*

The "constitutional rights" mentioned in the rule are references to the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Under *Boykin*, a criminal defendant need be informed of only three rights when entering his plea, namely, the privilege against self-incrimination, the right to a jury trial, and the right to confront his accusers. Therefore, these are the only three rights which must be explained in order to insure compliance with rule 17.2(c). *State v. Tiznado*, 112 Ariz. 156, 540 P.2d 122 (1975); *State v. Miller*, 110 Ariz. 304, 518 P.2d 127 (1974); *State v. Aranda*, 118 Ariz. 21, 574 P.2d 489 (App.1978).

With reference to the *Boykin* rights, all of them were set forth in the written plea agreement which was signed by defendant, which he acknowledged reading, and which he said that his attorney explained to him. The trial judge questioned appellant concerning his privilege not to testify and to remain silent, his right to a trial by jury, his right to be represented by counsel at trial, and his right to confront and cross-examine any witnesses against him. The appellant stated he understood his rights and had agreed to give them up in the plea agreement.

Having found no error, we affirm the judgment of conviction and the sentence.

OGG, P. J., and WREN, J., concur.