798 P.2d 420

**Keith Richard KANUCK, Petitioner,**

v.

**The Honorable Thomas MEEHAN, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 90–0128.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 11, 1990.

---

James W. Cochran and Gary S. Kneip, Tucson, for petitioner.

Robert K. Corbin, Atty. Gen. by John E. Davis, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

 Petitioner Keith Richard Kanuck seeks special action relief from the trial court's denial of his motion for court-ordered depositions in the underlying probation revocation proceeding. Because we conclude that petitioner has no equally plain, speedy and adequate remedy by appeal and because we believe the trial court abused its discretion, we accept jurisdiction and grant relief. Ariz.R.P.Spec. Action 1 and 3, 17B A.R.S.

In May of 1988, petitioner was sentenced to consecutive terms of seven and four years' probation for convictions of conspiracy to sell marijuana and possession of a dangerous drug, respectively. On July 2, 1990, his probation officers filed a petition to revoke probation. On July 16, 1990, petitioner served the probation department with a subpoena duces tecum, seeking production of its file regarding him. Before the file was disclosed, petitioner was arrested in connection with the alleged probation violations; he was released on July 20, having apparently been held in violation of Ariz.R.Crim.P. 27.6, 17 A.R.S., as a hearing had not been set in a timely fashion. He was arrested again on July 30 for two additional violations of probation conditions. After his second arrest, petitioner requested and was denied an interview of his probation officers. On August 7, he filed a motion for court-ordered depositions of the probation officers, which was also denied. This special action followed.

The issues raised by this special action are whether a defendant in a probation revocation proceeding may utilize the discovery procedures of the rules of criminal procedure and, if so, whether the trial court abused its discretion in denying petitioner's discovery request. We answer both questions in the affirmative.

## DISCOVERY IN PROBATION REVOCATION PROCEEDING

 The criminal discovery procedures are set forth under Ariz.R.Crim.P. 15, 17 A.R.S. Rule 15.3 pertains to depositions. By their terms, the discovery rules contemplate pretrial discovery. *See, e.g.,* Ariz.R. Crim.P. 15.1, 17 A.R.S. (setting forth disclosure required by state which must be made no later than ten days after arraignment; list includes matters intended to be used at trial); Ariz.R.Crim.P. 15.2, 17 A.R.S. (setting forth disclosure by defendant, which must include defenses for trial, etc.).

The discovery provisions have, however, been held applicable to presentencing proceedings under Rule 26.8. *State v. Schoonover*, 128 Ariz. 411, 626 P.2d 141 (App.1981). As the court noted in *Schoonover*, the comment to Rule 26.8 provides that the "rule extends the policy of discovery of Rule 15 to the pre-sentencing hearing." The court reasoned that the "rules and comments thereto, when read in conjunction, indicate that the discretion

granted to the trial court under Rule 15.3 to order depositions of witnesses should, in appropriate cases, be exercised to grant discovery for a criminal defendant prior to the sentencing hearing, as well as prior to the trial." 128 Ariz. at 413, 626 P.2d at 143. The court acknowledged that while certain due process rights do not apply to sentencing proceedings, such as the right to confront and cross-examine trial witnesses under the sixth and fourteenth amendments to the United States Constitution, and that reliable hearsay may be considered by a sentencing court, *see State v. Green*, 117 Ariz. 92, 570 P.2d 1265 (App. 1977), *modified in part*, 116 Ariz. 587, 570 P.2d 755 (1977), "basic concepts of fairness, justice and impartiality" compel the extension of discovery rules to the sentencing proceeding. *Schoonover, supra*, 128 Ariz. at 414, 626 P.2d at 144, *quoting State v. Donahoe*, 118 Ariz. 37, 46, 574 P.2d 830, 839 (App.1977). As the *Schoonover* court noted, in *Donahoe, supra*, this court held that while there may not be a right to confront and cross-examine generally, where the state presents a witness at a sentencing hearing, "the right to cross-examination exists and it may not be unduly restricted." 118 Ariz. at 46, 574 P.2d at 839. Additionally, the defendant has the right to discover reports by that witness to facilitate effective cross-examination. *Schoonover, supra*, 128 Ariz. at 414, 626 P.2d at 144; *Donahoe, supra*, 118 Ariz. at 46, 574 P.2d at 839; *State v. Nichols*, 24 Ariz.App. 329, 538 P.2d 416 (1975).

The comments to Rule 26.8 reflect the intent that discovery rules apply to other than pretrial proceedings. Although there are no similar comments to Rule 27.7, the probation revocation provision, the policy reasons for extending the discovery rules to sentencing apply equally to probation revocation.[1] Certainly the consequences of the two are equally grave. At both proceedings, presentation of accurate information to assist the trial court is of the utmost importance. We recognize that although there is no constitutional right to discovery

in a criminal case, *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), and that, just as at sentencing, a probationer is not entitled to all of the rights of an accused in a criminal prosecution, the revocation of probation does result in a loss of liberty. The defendant is, therefore, entitled to the minimum requirements of due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see also State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975); *State v. Reyes*, 151 Ariz. 430, 728 P.2d 300 (App. 1986). These requirements include disclosure of evidence against the probationer and "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Gagnon v. Scarpelli*, 411 U.S. at 786, 93 S.Ct. at 1762, 36 L.Ed.2d at 664. *See also State v. Brown*, 23 Ariz.App. 225, 230, 532 P.2d 167, 172, *approved in part*, 112 Ariz. 29, 536 P.2d 1047 (1975), and *Maricopa County Juvenile Action No. J-83341-S*, 119 Ariz. 178, 580 P.2d 10 (App.1978). We believe a probationer must be allowed to conduct reasonable discovery in order to enforce his/her right to disclosure of evidence and to prepare an effective cross-examination. *See Murphy v. Superior Court*, 142 Ariz. 273, 278, 689 P.2d 532, 537 (1984) ("Rule 15.3 is intended to effectuate the constitutional right of cross-examination ...").

Probation revocation proceedings, like sentencing hearings, "must be conducted consistent with basic concepts of fairness, justice and impartiality." *Donahoe*, 118 Ariz. at 46, 574 P.2d at 839, *quoted with approval in Schoonover, supra*, 128 Ariz. at 414, 626 P.2d at 144. We find the reasoning of the supreme court of Florida enlightening on precisely this issue.

A basic philosophy underlying discovery is the prevention of surprise and the implementation of an improved fact finding process.... "If a probationer needs additional information in order to properly prepare a defense to the charges, the

---

1. The discovery rules have also been extended to city court proceedings. *State ex rel. Baumert v. Superior Court*, 133 Ariz. 371, 651 P.2d 1196

(1982); *see also State ex rel. Purcell v. City Court of City of Phoenix*, 112 Ariz. 517, 543 P.2d 1146 (1975).

various methods of discovery under our rules are available to him...." Fair play and justice require that a defendant in a probation revocation hearing be entitled to reasonable discovery.... *Cuciak v. State*, 410 So.2d 916, 917–918 (Fla.1982) (citations omitted). *But see People v. DeWitt*, 66 Ill.App.3d 146, 22 Ill.Dec. 886, 383 N.E.2d 694 (1978). The court acknowledged, as we have, that its rule, on its face, "contemplates a trial context, but basic fairness requires an extension of discovery into the probation revocation setting." *Id.* at 918. The court recognized the difference between probation revocation proceedings and trial. The former is generally less formal, the charging document need not comply with the requirements of indictments and informations, evidentiary rules are generally more lax and hearsay is admitted. Additionally, the burden of proof is not as great. "This informality highlights the desirability of pre-hearing discovery; the probationer needs the greater accuracy and reliability which discovery affords." *Id.* We agree. Accordingly, we hold that a probationer is entitled to utilize the discovery procedures of Rule 15 in preparing for a probation revocation hearing.

## ABUSE OF DISCRETION

Petitioner sought the trial court's order for depositions of his probation officers under Rule 15.3(a)(2) which provides as follows:

> a. Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:
>
> \* \* \* \* \* \*
>
> (2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview;

As the rule expressly provides, the decision whether to order the deposition is within the trial court's discretion.[2] *See State v. Moncayo*, 115 Ariz. 274, 564 P.2d 1241 (1977). Petitioner claims that his defense at the probation revocation proceeding will be based in part on the contention that the probation officers acted inappropriately and that their decision to revoke and sentencing recommendations are based upon misleading, inaccurate, or false information. Petitioner wishes to depose them regarding these matters and wants an explanation for the excision of certain portions of the file he received in response to the subpoena duces tecum. It goes without saying that the testimony of a probation officer at a revocation proceeding is material to that proceeding. Additionally, based upon petitioner's allegations and his claimed defense, it appears that petitioner would need to depose the probation officers in order to investigate the allegations of the petition to revoke and adequately prepare for the proceeding. *See State ex rel. Berger v. Superior Court in and for Maricopa County*, 21 Ariz.App. 320, 519 P.2d 73 (1974). We conclude therefore that the probation officers are the proper subjects for depositions under Rule 15.3(a)(2) and, in light of their refusal to be interviewed, the trial court abused its discretion in denying petitioner's motion for court-ordered depositions. *See Murphy v. Superior Court, supra* (where victim assistance caseworker refused to be interviewed and her testimony was considered potentially material, trial court abused discretion in denying discovery motion).

The court's order is reversed and this matter is remanded for further proceedings.

LIVERMORE, P.J., and LACAGNINA, J., concur.

---

2. We note that the state simply contends that the discovery rules do not apply to probation revocation proceedings. The state does not argue that if the rules apply, the trial court did not abuse its discretion as petitioner alleges.