NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL
RIGHTS AS TO A.A.

No. 1 CA-JV 22-0177
FILED 12-15-2022

---

Appeal from the Superior Court in Maricopa County
No. JD39872
The Honorable Robert Ian Brooks, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1        Ashley A. ("Mother") appeals from the juvenile court's order terminating her parental rights. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Miguel A. ("Father") are the biological parents of A.A., who was born in August 2020. DCS became involved with the family after A.A. was born substance exposed to methamphetamines. DCS took custody of A.A. in September and placed her in a licensed foster home.

¶3        Over the course of the 22-month dependency, Mother only took 30 of her required twice-weekly drug tests and tested positive for methamphetamine or amphetamine 17 times. DCS referred Mother for substance-abuse treatment three times but closed each referral when Mother did not participate. Mother's two referrals for parent-aide services were similarly unsuccessful.

¶4        In February 2022, DCS moved to terminate the parent-child relationship alleging substance abuse and fifteen-months time-in-care grounds. The court scheduled a hearing on June 16, 2022.

¶5        At the termination hearing, Mother waived her right to trial and pled no-contest to the allegations. The court conducted a colloquy in which it informed Mother of her trial rights, including the right to counsel, the right to call witness and compel the production of evidence, the right to cross examine witnesses, and the right to testify on her own behalf. The court confirmed that Mother understood those rights but did not advise her that DCS bore the burden of proof before finding that she knowingly, intelligently, and voluntarily waived her right to trial.

¶6        The court proceeded with the hearing and terminated Mother's parental rights. The court found that DCS had proven the allegations against Mother by clear and convincing evidence and that A.A.'s best interests favored termination.

**¶7**        Mother timely appealed the termination order, and we have jurisdiction under A.R.S. §§ 8-235 and 12-120.21(A)(1).

## DISCUSSION

**¶8**        The sole question presented for review is whether the juvenile court erred in finding that Mother's no-contest plea was knowingly, intelligently, and voluntarily made.  Mother claims the juvenile court's colloquy following her decision to enter a no-contest plea was insufficient because the court failed to advise her that DCS would bear the burden of proof at trial.

**¶9**        We review the juvenile court's termination decision for an abuse of discretion.  *Mary Lou C. v. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).  But we review the interpretation of court rules de novo.  *Ruben M. v. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 20 (App. 2012).

**¶10**        Rules of Procedure for the Juvenile Court 66(D)(1)[1] governs the acceptability of admissions and no-contest pleas at a termination hearing.  To comply with Rule 66(D)(1), the court must: (a) determine whether the pleading party understands the rights being waived; (b) determine whether the plea is knowingly, intelligently, and voluntarily made; (c) identify a factual basis supporting the termination; and (d) enter its findings and orders consistent with Rule 66(F).

**¶11**        Citing *In re Melissa K.*, 197 Ariz. 491, 493, ¶ 7 (App. 2000), Mother argues that the juvenile court must "affirmatively establish awareness of the due process rights essential to a contested trial," including advising the parent of the burden of proof in a termination hearing.  We disagree.

**¶12**        *Melissa K.* is not particularly instructive.  There, we addressed a different section of the Rules governing admissions to probation violations in juvenile delinquency proceedings.  And nothing in *Melissa K.* specifically requires that a juvenile be advised of the State's burden of proof.  *Id.* at 493-94, ¶¶ 7-8.  Instead, we noted that a court must advise the juvenile of "the right to a violation hearing, the right to remain silent, the right to confront accusers, and the potential of commitment to ADJC until age eighteen."  *Id.* at 493, ¶ 8.

---

[1] New Rules of Procedure for the Juvenile Court took effect July 1, 2022.  We cite to the version of the Rules in effect at the time of Mother's termination hearing.

¶13 Like the admission to a probation violation in *Melissa K.*, Rule 66(D)(1)(a) provides that the juvenile court shall "[d]etermine whether the party understands the rights being waived" in a termination proceeding. And Rule 65(C)(4) lists the parent's rights in a termination proceeding as follows: (a) the right to counsel; (b) the right to cross examine all witnesses; (c) the right to trial by the court; and (d) the right to use the process of the court to compel the attendance of witnesses.

¶14 Mother argues that advising parents of their right to a termination trial requires the court to explain the burden of proof. But even in the criminal context our caselaw has rejected this notion. *See State v. Miller*, 110 Ariz. 304, 306 (1974) (rejecting argument that guilty plea was invalid where defendant was advised of "the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers" but not advised regarding his right to plead not guilty, to present evidence in his own behalf, and to compel the attendance of witnesses); *State v. Aranda*, 118 Ariz. 21, 22 (App. 1978) (stating that in accepting a guilty plea "there is no necessity for the court to advise the defendant of the presumption [of innocence] since it relates only to the State's burden of proving the fact in issue, and becomes applicable only if there is a trial").

¶15 Before the juvenile court accepted Mother's no-contest plea, it conducted a colloquy and confirmed with Mother that she understood each of her Rule 65 rights and waived them. The court also confirmed that Mother was not under the influence of any substances that would affect her ability to think clearly, that she had not been threatened into waiving her rights or promised anything in exchange for doing so, and that she had been given enough time to discuss her plea with her attorney. The Rules do not require more, and the court did not err in allowing Mother to plead no contest to the allegations.

**CONCLUSION**

¶16 For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:    AA