NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

COURTNEY SCOTT MCCOLLUM, *Appellant*.

No. 1 CA-CR 17-0212
FILED 1-30-2018

Appeal from the Superior Court in Maricopa County
No. CR 2015-132070-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mays Law Office, PLLC, Phoenix
By Wendy L. Mays
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Samuel A. Thumma joined.

---

**C A M P B E L L**, Judge:

**¶1**        Courtney Scott McCollum timely appeals from his convictions and sentences for one count of resisting arrest, a class 6 felony, Ariz. Rev. Stat. ("A.R.S.") § 13-2508(A)(1), and one count of aggravated assault, a class 4 felony, A.R.S. § 13-1204(A)(8)(a). After searching the record on appeal and finding no arguable question of law that was not frivolous, McCollum's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow McCollum to file a supplemental brief *in propria persona*, but McCollum did not do so. After reviewing the entire record, we find no reversible error and, therefore, affirm McCollum's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        On July 12, 2015, Officer Joseph Congero responded to an emergency call regarding an individual, McCollum, refusing to exit a city bus that had reached the end of the bus line. McCollum had missed his bus stop and had asked the bus driver if he could remain on the bus until it went back the other way. He became agitated when the bus driver, and then a security guard, told him he had to exit the bus.

**¶3**        By the time Officer Congero arrived, along with two police assistants, McCollum was walking away from the bus. Officer Congero testified he identified himself as an officer, and told McCollum to "stop walking." McCollum testified he heard someone running up at him, and quickly turned around believing he "was going to have to defend" himself. Officer Congero contacted McCollum and asked to see his identification.

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against McCollum. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

McCollum testified he believed Officer Congero was a "transit cop," not a police officer. He did not show the officer his identification and instead repeatedly asked for a police supervisor.

¶4        Eventually, another officer arrived who McCollum recognized as a police officer. Officer Congero testified he told McCollum he was under arrest as he, along with the other officer, grabbed McCollum's arms to place him under arrest.  McCollum, however, "stiffened" his arms, impeding the arrest. Further, when the officers attempted to take McCollum to the ground, Officer Congero testified McCollum elbowed him on the lip. The security guard and a police aid saw Officer Congero's lip "bleeding" after the officers successfully took McCollum into custody.

¶5        After the State rested in its case in chief, McCollum elected to testify on his own behalf at trial. McCollum testified that he did not hear the officers say he was under arrest. When asked about Officer Congero's injury, McCollum said he did not believe he had come in contact with the officer's mouth and stated he "honestly . . . [didn't] know how it happened," but claimed that he never voluntarily raised his arm during the arrest.[2]

¶6        Before trial, McCollum went through competency proceedings and was found competent, after participating in restoration services. McCollum waived his right to a jury trial, after a full colloquy, and the superior court found his waiver was knowing, voluntary, and intelligent. At the conclusion of the bench trial, and after hearing argument of counsel, the superior court found McCollum guilty on both counts, including that McCollum had at least recklessly injured Officer Congero. The court later ordered concurrent sentences of 10 months on count 1 and one year and nine months on count 2, both slightly mitigated sentences. The court gave him credit for 625 days of presentence incarceration.[3] It also left restitution open for 90 days.

_____

[2] The court denied McCollum's motion for a judgment of acquittal at the close of the State's case.

[3] Although the record before this court shows that McCollum was in jail before his sentencing for at least 567 days, it does not demonstrate whether the court awarded McCollum the full amount of presentence incarceration credit. As McCollum essentially received time served at

## DISCUSSION

**¶7**        We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300. McCollum validly waived his right to a jury trial, *see* Ariz. R. Crim. P. 18.1(b), and received a fair trial. He was represented by counsel at all stages of the proceedings.  He was not present at various pretrial hearings, including some of his competency hearings. Because, however, in each instance he refused to be transported from jail, he waived his presence. *See* Ariz. R. Crim. P. 9.1; *State v. Bishop*, 139 Ariz. 567, 569 (1984) (right to be present at competency hearing can be waived). He was, nonetheless, present at all other critical stages, including trial and sentencing.

**¶8**        The evidence presented at trial was substantial and supports the verdicts. The parties waived the presentence report and thus, the court did not consider it. A.R.S. § 13-701(B). McCollum was given an opportunity to speak at sentencing, and did so. His sentences were within the range of acceptable sentences for his offenses. A.R.S. § 13-702(D).

## CONCLUSION

**¶9**        We affirm McCollum's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to McCollum's representation in this appeal have ended.  Defense counsel need do no more than inform McCollum of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶10**        McCollum has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the

---

sentencing, this issue is moot. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

court's own motion, we also grant McCollum 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA